## COLEMAN vs. CAMP.

[BILL IN EQUITY BY ADMINISTRATOR FOR ACCOUNT AND RECOVERY OF PROPERTY.]

1. *Bequest construed to create life-estate in widow, charged with support and education of grand-children.*—Where a testator, by the second clause of his will, devised and bequeathed to his wife all the property of which he might die possessed, "during the term of her natural life, to be by her kept together" on his plantation "for the purpose of supporting her, and for the support and education of my [his] five grand-children"; and, by the fourth clause, devised a tract of land to one of his daughters, "which," he declared, "is excepted out of the life-estate heretofore given to my wife,"—*held,*

that the widow took the entire life-estate, charged with the support and education of the grand-children, and not in trust for their benefit equally with herself.

2. *When administrator cannot come into equity.*—The administrator of a deceased tenant for life cannot come into equity, to recover property which he claims as emblements accruing during the year in which his intestate died; his remedy at law being adequate and complete.

APPEAL from the Chancery Court of Choctaw. Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by Wilie J. Coleman, as the administrator of Mrs. Rebecca Kemp, deceased, (who was the widow and administratrix of her deceased husband, Joseph Kemp,) against James Camp, both individually and as surviving administrator with the will annexed of said Joseph Kemp, W. A. J. Cahoon and wife, and the children of Washington Kemp, deceased; Mrs. Cahoon and Washington Kemp being children of said Joseph Kemp. Its object was to recover certain personal property, which the complainant claimed as belonging to the estate of his intestate under the will of said Joseph Kemp; being chiefly Mrs. Kemp's accumulations during her life from the property in which she had a life-estate under her said husband's will, and the crops growing on the plantation at the time of her death in August, 1856. Joseph Kemp died in the latter part of the year 1852, having made and published his last will and testament, which was duly admitted to probate after his death, and which contains the following clauses:

"*First,* I wish all my just debts and funeral expenses paid, out of any funds in the hands of my executrix, as soon after my decease as possible. *Secondly,* I give and devise unto my wife, Rebecca Kemp, all the property, both real and personal, of which I may die possessed, (except as hereinafter excepted,) during the term of her natural life; to be by her kept together, on my plantation on which I now reside, for the purpose of supporting my said wife, and for the support and education of my five grand-children, the children of my son, Washing-

ton Kemp, deceased; and after her death, then said property and estate to be disposed of as follows: *Thirdly*, I give and devise unto my grand-children, sons of my son, Washington Kemp, deceased, (to-wit, Edward T. Kemp, James W. Kemp, John M. Kemp, and Robert W. Kemp,) to take effect after the termination of the aforesaid life-estate, all that parcel of land lying on the Tombigbee river, known as the 'Kemp Landing tract', it being the plantation on which I now reside; also, all my lands adjoining said plantation; to them, and to the survivor of them—that is, [if] any of said children should die before majority, then the share of such deceased child or children shall vest in the survivor or survivors of them, provided such deceased shall have no children of his own; then to such children, if any there be, and to their heirs forever. *Fourth*, I give and devise unto my daughter, Mary Ann Rebecca Cahoon, wife of William Cahoon, all that tract of land known as the 'Philibar tract', containing one hundred and twenty acres, together with the appurtenances; which is excepted out of the life-estate heretofore given to my wife, and is to vest in the said Mary Ann Rebecca at my death, for her sole and separate use and benefit during her life, and after her death to the children of her body lawfully begotten; but, if she die without children, then said tract of land, with the appurtenances, to go to the children of Washington Kemp, deceased, share and share alike, to the exclusion of her said husband. *Fifth*, I give to my daughter, Mary Ann Rebecca Cahoon, wife of William Cahoon, one hundred and fifty dollars *per annum*, to be paid to her annually by my executrix, for her separate use and support, for the term of twenty years, or until such time as the general distribution of my estate shall take place, and no longer. *Sixth*, If my Rebecca shall die before the youngest of my grand-children becomes of age, then I wish my property kept together on the plantation on which I now reside, until the said youngest child becomes of age; then, after all the legacies are paid and confirmed, the residue of my property, both real and personal, I wish distributed equally among my five grand-children, children of said Washing-

Coleman v. Camp.

ton Kemp, and my daughter, Mary Ann Rebecca Cahoon, wife of William Cahoon; giving to my said daughter one-sixth part of said residue, for and during her natural life, and after her death to the children of her body; and if she dies without children, then to my said grand-children, children of Washington Kemp, deceased. *Lastly*, I hereby constitute my wife, Rebecca Kemp, executrix of this my last will and testament, hereby revoking all former wills by me heretofore made. In testimony whereof," &c.

The chancellor held, that Mrs. Kemp took a life-estate in the property, subject to a charge for the support and education of the grand-children; and that the complainant had an adequate and complete remedy at law. He therefore dismissed the bill for want of equity, but without prejudice to the institution of an action at law; and his decree is here assigned as error.

T. REAVIS, for appellant.

LOMAX & PRINCE, *contra*.

STONE, J.—If the rights of Mrs. Kemp rested alone on the second clause of the will, we would be strongly inclined to hold, that she took the life-estate in trust for the equal benefit of herself and the children of Washington Kemp, deceased. The same words are employed in that clause to confer on each their respective interests. The fourth clause, however, sheds light on this question, and leaves us no room to doubt, that Mrs. Kemp was the chief object of testator's bounty; and that his object was simply to incumber her life-estate with the support and education of his grand-children. That clause, after making a devise to testator's daughter, Mrs. Cahoon, of a tract of land, employs this emphatic language—"*which*" [the land devised] "*is excepted out of the life-estate heretofore given to my wife.*" This is the testator's exposition of the language found in the, second clause, and confers on Mrs. Kemp a life-estate in the property devised and bequeathed. McCroan v. Pope, 17 Ala. 612.

[2.] Under this view, complainant had a complete and adequate remedy at law, and his bill was without equity.

Decree of the chancellor affirmed.