[Jones v. Brevard.]

# Jones, Adm'r *v.* Brevard *et al.*

## *Legacy.*

1. *A court of equity will dispense with an administration, when its only object is to make distribution.*—Courts of equity will dispense with an administration, and decree a distribution of the assets, when it is affirmatively shown that the only office of an administration, if granted, would be to make such distribution.

2. *After the lapse of twenty years, it will be presumed no debts existed against an intestate.*—After the lapse of twenty years, it will be presumed, in the absence of proof to the contrary, that no debts existed against an intestate upon whose estate no administration had been granted.

3. *Courts of equity and law place the same construction on statutes of set-off.* Courts of equity place the same construction upon the statutes of set-off that the courts of law adopt; and in the absence of special equities, the individual .debt of an administrator is not available as a set-off to a demand due him in his representative capacity.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. HURIOSCO AUSTILL.

Ephriam A. Brevard, a resident citizen of the State of North Carolina, made a will by which he appointed Alexander F. Brevard and Robert A. Brevard to be his executors, and died. The executors so appointed, duly qualified and .assumed the execution of the trust. The testator owned property in the State of Alabama. And "one B. Constantine Jones was appointed by .the Probate Court of Montgomery county to be administrator, with the will annexed, of Ephriam A. Brevard, and took upon him the administration, which was ancillary to the administration in North ·Carolina."

Mrs. Susan Jones, the wife of B. Constantine Jones, was a legatee under the will of Ephriam A. Brevard. She died ·intestate in 1851, before she had received any part of the legacy bequeathed to her. There is no administration on .her estate. Three daughters of Mrs. Susan Jones were living .at the time of her death. ·

The executors, Alexander F. and R. A. Brevard, instituted a suit against B. Constantine Jones and the sureties upon his administration bond, of whom B. Rush Jones was one, and recovered and received about twenty-five thousand dol.lars. They instructed their attorneys to pay the money so collected to the "Forney heirs," of whom Mrs. Susan Jones

was one. Two of her daughters have received a part, if not all, of their shares of the said fund. But her eldest daughter,. Maria E. Jones, never received any part of it. She was an idiot, and died in 1872. She had no property, and was an object of charity. For her support, and the care and attention necessary for her welfare and protection, Mrs. Frances A. Jones, the wife of B. Rush Jones, expended a large sum of money.

B. Rush Jones was appointed by the Court of Probate of Montgomery county to be administrator of the estate of Maria E. Jones, and qualified, and is now the administrator. In this capacity, he filed a bill of complaint in the Chancery Court of Montgomery against Alexander F. Brevard and Robert A. Brevard, to compel the payment to him of the share of Maria E. Jones in the legacy bequeathed to her mother, Mrs. Susan Jones, by Ephriam A. Brevard. The said defendants, as executors, answered the bill, and demurring to it, assigned the following grounds of demurrer :

" That it appears from the bill that the complainant is indebted to the estate of said E. A. Brevard and to these defendants as executors, in a sum greater than the amount sought to be recovered in this suit.

"And they further demur, because the bill itself shows that the administrator of Mrs. Susan Jones is the only proper party to sue for and recover the legacy given to her in and by the will of Ephriam A. Brevard ; and they further demur, because the only right to have any portion of the money paid over which is claimed in said bill, as shown therein, is a direction from these defendants to their solicitors, or one of them, to pay to the Forney heirs, or legatees, the share to which they are entitled, and does not otherwise show any right of his intestate to the money claimed in this bill. And they demur for want of equity in the bill."

On the final hearing of the cause, it was decreed that the complainant was not entitled to relief, and the bill was dismissed.

DAVID CLOPTON, for appellant.—1. The validity of the defence made by the answer depends upon the right of the. defendants to set-off, *pro tanto*, an individual debt due by complainant to them as executors of Ephriam A. Brevard,. to-wit : the decree against him—against a legacy to which his intestate is entitled under the will of Ephriam Brevard. This can not be done.

2. No cross-bill for this purpose was filed by defendants,.

· and a set-off in equity can only be allowed by a cross-bill.—15 Ala. 233, 248.

3. Courts of equity put the same construction on the statutes of set-off as do courts of law.—22 Ala. 583, 586. The debts must be mutual and owing in the same rights. Hence, ·a personal debt due from an administrator con not be set-off against a debt which, when collected, will be assets of the estate.—Rev. Code, § 2642; 6 Ala. 399, 401; 5 Ala. 345.

4. The defence can not be supported upon the doctrine of presumed payment. This doctrine arises in cases of indebtedness from one in his individual capacity to an estate which he afterwards becomes administrator. But it appears in no other case. The complainant had no right to satisfy the legacy due his intestate by a credit of the amount on the decree against him. This would have been waste.—39 Ala. 286, 293.

5. A regular grant of administration *eo instanti*, invests the personal representative with the legal title to the personal property, and his title to such assets is exclusive.—15 Ala. 100, 164; 9 Ala. 908, 912. When an estate is entirely free from debt, and the distributees do not invoke the action of the Probate Court to separate their interests, a bill will be ·entertained to give them their respective shares without the ·expense and delay of an administration.—29 Ala. 278; 18 Ala. 348, 351.

6. The proof shows complainant's intestate was indebted to Mrs. Frances A. Jones about the sum of two thousand dollars for necessaries and care and attention. For this her ·estate is liable.—37 Ala. 496; 24 Ala. 337.

JOHN A. ELMORE, and D. S. TROY, for appellees.—1. The ·complainant bases his right to recover, on the fact that the ·defendants have directed their solicitors to pay out this fund in satisfaction of the shares of the Forney heirs, and they recognized the right of the sisters of his intestate to their shares of the legacy given to their mother, but refuse to pay him his intestate's share of that legacy, although her right is the same as her sisters. A party may recognize the right of ·one person to a fund, and deny the right of another, who claims on the same grounds.

2. The complainant owes the very estate he brings his claim against, a much larger amount than what would belong to his intestate. It is all the same estate and same fund, and he is chargeable with the amount to which his intestate might be entitled.—8 Ala. 27; 9 Ala. 914; 36 Ala. 606; 23 Ala. 544; 25 Ala. 543.

BRICKELL, C. J.—1. The general rule that distributees or next of kin can maintain no suit at law or in equity, for the mere purposes of collecting and distributing the assets, until letters of administration have been duly granted upon the estate of the deceased, has been accepted in this State, with a material modification. When an estate is entirely free from debt—when it appears affirmatively, that if there was an administrator, the only duty devolving on him, would be distribution, courts of equity will dispense with an administration, and proceed directly at the instance of a distributee, to decree a recovery and distribution of the assets.—*Fretwell v. McLemore*, 52 Ala. 134. The mother of the intestate of the appellant, entitled to a legacy under the will of Ephraim A. Brevard, died intestate, a married woman in 1851, and of her estate there is no administration. If any debts existed against her, and her coverture, with its consequent disability to contract, raises a presumption against the existence of any, the lapse of time would have barred their recovery, at the filing of this bill, twenty-four years after her death. It, therefore, affirmatively appears, that an administration on her estate, for the recovery of her legacy, would have been a useless ceremony, involving only a diminution of the assets by its expenses. The former decisions of this court authorized a suit by the intestate in her life-time, or by her personal representative after her death, for the recovery and distribution of the legacy to her mother. The co-distributees of the mother, would have been necessary parties to the suit, if it had not been consented by the defendants, that they need not be joined as parties.

2. The appellees, foreign executors, are not ordinarily suable in the courts of this State, but they have consented to the suit, and without objection, submitted to the jurisdiction of the court. They have a fund in this State, derived from an administration of assets here, a large part of which has been distributed to legatees resident here. The sisters of the intestate of the appellant have received the shares of this fund, to which as distributees of the estate of their mother, they are entitled; and the object of the bill is the recovery of the share to which the intestate was entitled. The defence against a recovery, is, that the appellees as executors, have a subsisting decree against the appellant individually, for a sum larger than the share of the intestate; and it is insisted that a presumption arises that he has paid to himself as administrator a sufficiency of this sum to

[Robinson v. Hirschfelder.]

satisfy the share of his intestate, which it is his duty to collect.　The principle invoked is, "that where a debt and credit—a right to demand, and an obligation to pay—co-exist, even for a moment in the same person, the debt is extinguished by presumption of its payment."　But there is no right, legal or equitable, in the appellant to demand or receive payment of the decree against himself.　That decree is in favor of the appellees, and they alone have the right to demand and receive payment of it.　The *obligation* of the appellant to pay, is not to his intestate, or to any of the *cestuis que* trust of the appellees, but to the appellees alone. The presumption does not therefore obtain, the facts on which it is founded do not exist, and there is no room or reason for its application.— *Whitworth v. Oliver*, 39 Ala. 287 ; *Ragland v. Calhoun*, 36 Ala. 606.

3.　Courts of equity put the same construction on the statutes of set-off, which courts of law adopt.　If there is not an equity going beyond the statutes, mutual debts only are available as set-offs, and the individual debt of an administrator, is not available as a set-off to a demand due him in his representative capacity.

4.　It is not in the present suit a fact of importance whether there are debts existing against the intestate of the appellant or not; though the evidence of their existence found in the record, seems full and satisfactory.　The right of the appellant to recover does not depend on that fact, but on the right of his intestate, which is not controverted.

The chancellor erred in dismissing the bill, and the decree must be reversed, and the cause remanded.

STONE, J., not sitting.