# Mitchell, Adm'r, *v.* Spence *et al.*

## *Bill in Equity to cancel Deed.*

1. *Will construed.*—Testator gave personalty and devised certain lands to his wife. The will directed, "as soon after death as my executor shall deem expedient, he shall sell all the balance of my property," real and personal, "either at public or private sale, and on a credit or for cash, at his discretion," and that the proceeds should be divided equally between testator's wife and children. By the will R., a brother of testator, was appointed executor of the will and guardian of the children, and it further provided, in event R. should die before testator's death, B. should be executor. *Held*—1. This was simply a devise or direction to the executor to sell property not specially devised, and not a devise to them with directions to sell, and did not intercept the descent to the heirs. 2. The power was not a naked power of sale within the meaning of the statute (Code, § 2218) which passes to the successor in the trust, but a *discretionary power*, resting in the personal confidence reposed in the executor, constituting a personal trust, which could not pass to an administrator with the will annexed. 3. Where the purchaser of lands is in possession, claiming under a void conveyance showing its own invalidity, equity will not take jurisdiction to declare the sale void, and to cancel the conveyance made in execution of it, but will leave the owner to his remedy at law.

APPEAL from Chambers Chancery Court.

Heard before Hon. N. S. GRAHAM.

The bill in this cause was filed by the appellant, John W. Mitchell, as the administrator *de bonis non, cum testamento annexo* of the estate of James S. Mitchell, deceased, against Samuel Spence, former administrator, with the will annexed, of said estate, and against William C. Darden, as the person in possession of certain lands which had formerly belonged to said estate.

The testator, James S. Mitchell, died in Chambers county, Ala., on the 18th day of September, 1858, leaving a last will and testament, which was, on the 26th day of October following, duly admitted to probate. By this will he gave certain specified property to his wife, after which it provided, in a succeeding clause: "I desire that as soon after my death as my executor shall deem expedient, he, the said executor hereinafter named, shall sell all the balance of my property, both real and personal, either at public or private sale, and on credit or for cash, at his discretion, and the proceeds of such sale shall be equally divided between my wife, above named, and my children, Mary E., Louisa Jane, John W., and Cornelia Mitchell, that is, after the payment of debts due and costs of administration." The third clause of the will appoints "Robert Mitchell guardian of my above

named children, and also appoint him executor of this my last will and testament;" and the fourth clause is as follows: "In the event that the said Robert Mitchell, my brother, should die before my death, then I nominate and appoint James T. Brock executor of this, my last will and testament." The executors in the will refusing to qualify, the appellee, Samuel Spence, was, on the 27th day of October, 1858, appointed administrator, with the will annexed, and qualified and took possession of, the estate. On the 31st day of January, 1859, Spence, professing to act under the power contained in the will, sold to one Tilmon, a large tract of land belonging to the estate, under which sale Tilmon was placed in possession of the land, which he subsequently sold to Darden. Spence, as administrator, in compliance with directions from Tilmon, deeded the lands to Darden, who is now in possession of the same.

The bill averred these facts, and prayed that the Chancellor would declare such sale to be void, and order that the conveyance by Spence as administrator of Darden be delivered up and canceled, and for general relief. On final hearing the Chancellor dismissed the bill, and taxed appellant with the costs. From this decree Mitchell appeals and assigns the same as error.

W. H. DENSON, and WATTS & WATTS, for appellant.—The power of sale conferred by the will on the executors named therein, was a personal trust, and under section 1609 of the Revised Code, the administrator Spence had no authority to exercise such power. It was never contemplated by said section to shift a trust reposed by the testator from the persons in which he reposed it, and place it in the power of any one who happened to be administrator of his estate. There can be no fair presumption of a confidence reposed in such ·person by the testator, and no rule of public policy or natural justice authorizes the execution of such a power, as the one contained in the will in this case, by any other person than the one on whom the will expressly confers such power. There can be no doubt that the testator reposed great confidence in the integrity and probity of the persons named as executors by him. He leaves to their discretion the interests of those who were nearest and dearest to him, and provides that if the executor first named shall die, that then the other shall act. That this will creates a personal trust, see *Anderson, Adm'r, v. McGowan*, 42 Ala. 280 ; Tiffany on Trusts, 209 ; Story's Eq. §§ 1068, 1068a, 1068b; 41 Ala. 649 ; 2 John. Chan. 21 ; 5 How. (U. S.) 268-9 ; 10 Peters, 563. The sale by Spence was void, and a court of equity will so declare it,

and order a cancellation of the deed, which is valid on its face and constitutes a cloud upon the title to the land.—39 Ala. 722; 11 Ala. 295; 12 Ala. 734.

BARNES & HOLMES, *contra.*—The power in the will is a mere naked power, and does not create a trust.—26 Ala. 426; 45 Ala. 426. If the power in the will is a mere naked power, the administrator, with the will annexed, had the authority to execute it.—R. C. § 1609. If he had the power to sell, and did sell, then the sale was valid. But if the language of the will did not create a mere naked power, but was a devise to the executor to sell, even then the administrator with the will annexed had the authority to sell.—R. C. § 1609; *Anderson v. McGowan*, 45 Ala. 462. Such a sale was valid; and the bill contains no equity.

BRICKELL, C. J.—The statute, which it is supposed, conferred on the administrator with the will annexed, the power to sell and convey the lands in controversy, reads as follows: "Where lands are devised to several executors, or naked power given them by will to sell, the survivor or survivors, and the acting executor or executors, when any one or more of them resigns, or refuses to act, or is removed by a court of competent authority, and also an administrator with the will annexed, has the same interest in, and power over such lands, for the purpose of making sale thereof, as the executors named in such will might have had."—Code of 1876, § 2218. The words of the statute are plain—it is only when there is a devise of lands to executors to sell, or a naked power of sale conferred on them, that an administrator with the will annexed, succeeds to the devise or to the power. The distinction between a devise to executors to sell, and a naked power to sell, is well known to the common law, and is very concisely and accurately stated in *Patton v. Crow*, 26 Ala. 431. A devise to executors by name, with directions to sell, intercepted the descent to the heir, passing the freehold to the donees, coupling an interest with the power. A mere devise that executors should sell, did not intercept the descent to the heir, passed no estate to the executors, and was a naked power. On these two devises the statute operates.

There is no devise of the lands or gift of the personal property to the executors found in the will of the testator. There is simply a devise—a direction that the executor should sell all the estate, real and personal, not specifically devised and bequeathed by the first item or clause of the will. If it is a naked power of sale, the administrator with

[Mitchell, Adm'r, v. Spence et al.]

the will annexed succeeded to it; but if it is founded in the personal confidence reposed by the testator in the executor, the statute does not intend its delegation or transmission to another.—*Anderson v. McGowan*, 42 Ala. 285; *Tarver v. Haines*, 55 Ala. 503. The distinction between a *naked power* of sale, on which the statute operates, and a *discretionary power*, resting in personal confidence reposed in the executor, not within the operation of the statute, is fully discussed in the authorities referred to, and it would be useless repetition to renew the discussion.

We cannot doubt the power of sale conferred on the executor is of the latter class. The sale is to be made so soon after the death of the testator as the executor, his brother, shall deem it expedient; and is to be made publicly or privately, for cash or on credit, at his discretion. The executor is also appointed guardian of the testator's children, among whom and their mother, the proceeds of sale are to be divided. In the event of the death of the executor in the life of the testator, another executor is nominated. The time of the sale is committed to the judgment of the executor—when he shall deem it *expedient, fit and proper, under all the circumstances*, the sale must be made; but it can only be made after an exercise of his judgment. The mode of sale— whether it shall be public or private—and whether it shall be for cash, or on credit, rest also in his discretion. The relationship of the executor to the testator, the appointment of the executor as guardian of the testator's children, the terms of the devise, and the nomination of an executor to execute the trusts of the will, if the one should die in the life time of the testator, indicate clearly that the power sprung from the confidence reposed by the testator, and is a trust personal to the executors named. He had confidence that either of them would make a sale, only when it was fit and proper the sale should be made—to their judgment and integrity he committeed the time, mode and terms of sale. If the power had been naked—if it was simply to sell and convey, to it the administrator with the will annexed would have succeeded. But the sale and its terms depend on the exercise of judgment and of discretion by the executors, and the power is not, therefore, transmitted by the statute.

The sale made by the administrator is consequently void, not conferring any title on the purchaser. A court of equity will not take jurisdiction to declare such a sale void, and cancel the conveyance made in execution of it. The remedy at law for the recovery of the lands, if held by the purchaser, is adequate. The conveyance discloses its own invalidity,

and can cast no cloud on the real title.—*Posey v. Conway,* 10 Ala. 855.

The decree of the Chancellor dismissing the bill must be affirmed.