# *Ex parte* Dickson.

*Mandamus to Probate Court, in matter of Settlement of Executor's Accounts.*

1. *Will construed as giving estate to widow for life, charged with support and education of minor children.*—Under a bequest in these words : "It is my will that my beloved wife may retain all of my property, both real and personal," after payment of debts, "during her natural life or widowhood, for her support and comfortable maintenance, and for the support, maintenance, and education of my minor children ; provided, however, that she be authorized, and it is my desire that she should, at the majority or marriage of each one of my unmarried children, give off or apportion to such child or children respectively, as they attain majority or marry, an amount equal to that I have already given off to those who are married, or as nearly this amount as she may be able to, without injury to herself and the remaining minor children, these allowances to be at her discretion ;" *held*, that the widow took an estate for life or widowhood in the property, charged with the support and education of the minor children during their minority, or until their marriage. subject to abatement in value by portions given off, at her discretion, to those who attained their majority or married.

2. *Will construed as conferring personal trusts on executrix, and not executorial duties.*—Where the testator appointed his widow and eldest son as his executors, and, after directing the payment of his debts by them, bequeathed to the widow an estate during life or widowhood, in all his property, charged with the support and education of the minor children until they became of full age or married ; desiring her to give off to each one of the children, as they became of age or married, such portion, at her discretion, as he had already given to each of the older children ; and further declaring, "It is my purpose to allow my wife, as one of my legal representatives, and during her widowhood, to exercise a reasonable discretion and power in the management of my estate, with reference to the sale of real or other property, and in making investments of surplus money, etc., by and with the advice and consent of the court ;" *held*, that these clauses conferred on the widow personal trusts, and not executorial duties attached to the office of executrix.

3. *Jurisdiction of Probate Court in matter of settlement of executor's accounts.* Personal trusts conferred by the will on an executor, which do not involve executorial duties, and which could not be executed by an administrator *de*

*bonis non*, present no obstacle to the settlement of his accounts as executor in the Probate Court.

4.  *When mandamus lies.*—This court will award a *mandamus* to the Probate Court, at the instance of an executor, to compel that court to proceed and make a final settlement of his accounts, when it improperly refuses to do so on account of a supposed want of jurisdiction.

APPLICATION by petition, by Mrs. Mary Ann Dickson, for a writ of *mandamus* to the Probate Court of Montgomery county, Hon. C. W. BUCKLEY presiding, to compel that court to make a final settlement of the petitioner's accounts and vouchers as executrix of the last will and testament of her deceased husband, David M. Dickson.   It appears from the petition, with the accompanying exhibits, that said testator died, in said county of Montgomery, the place of his residence, in April, 1877 ; that his last will and testament, which was duly executed, and in which the petitioner and Jesse H. Dickson, his oldest son, were nominated as executrix and executor, was admitted to probate in said county in May, 1877; that Jesse H. Dickson declined to qualify as executor, and letters testamentary were thereupon granted to Mrs. Dickson alone, who duly qualified ; that on the 25th November, 1879, all the debts of the estate having been paid, as she alleged, the executrix filed her accounts and vouchers for a final settlement, and the court appointed the 18th December, 1879, as the day for the settlement; that notice of the settlement was regularly given, and the parties in interest appeared in court on that day ; and that on a subsequent day, to which the proceeding was continued, the court refused to proceed with the settlement, on objection by one of the legatees, and dismissed the petition, holding that, under the provisions of the testator's will, the Probate Court had no jurisdiction to make the settlement; to which ruling and refusal a bill of exceptions was reserved by the executrix.

The will of said testator is in the following words : " Know all men by these presents, that I, David M. Dickson, of Montgomery county, Alabama, being of sound mind," &c., " do make, publish and declare this to be my last will and testament," &c.   The first clause directs his burial.   " (2.) I desire that any existing liabilities of my estate be discharged by my executors, at an early day, out of any available assets at their control.   (3.) It is my will that my beloved wife, Mary Ann Dickson, may retain all of my property, both real and personal, after making the appropriations above provided for, during her natural life or widowhood, for her support and comfortable maintenance, and for the support, maintenance, and education of my minor children ; provided, however, that she be authorized, and it is my desire that she

should, at the majority or marriage of each one of my unmarried children, give off or apportion to such child or children respectively, as they attain majority or marry, an amount equal to that I have already given off to those who are married, or as nearly this amount as she may be able to, without injury to herself and the remaining minor children; these allowances to be at her discretion. (4.) I have given to my daughter, Mary A. Evans, property which I estimate, at specie valuation, to the amount of $565; and to my daughter, Martha E. Crow, property which I estimate, at specie valuation, at $380; and have made due entry on account of the same; shall, in any future allowances, make similar entries, and direct my executors to pursue the same course. (5.) At the death of my dear wife, Mary Ann Dickson, I desire my estate so divided among my children, as to make them all equal in amount received on account of the same, either before or after my decease. (6.) In the event my widow, Mary Ann Dickson, should marry, then, and in such event, it is my will that my estate be equally divided between my children and her; that is, say, allowing her a child's part, to dispose of at her pleasure and discretion; or, should she choose to take a life interest in the same, that she be allowed to do so, by properly securing the same to my children at her death. (7.) It is my purpose, in making this will, to allow my wife, Mary Ann Dickson, as one of my legal representatives, and during her widowhood, to exercise a reasonable discretion and power in the management of my estate, with reference to the sale of real or other property, and in making investments of surplus money, &c., by and with the advice and consent of the court. (8.) I hereby appoint my beloved wife, Mary Ann Dickson, and my son, Jesse H. Dickson, my legal representatives to carry out the provisions of this will."

CLOPTON, HERBERT & CHAMBERS, for the petitioner.

TROY & TOMPKINS, contra.

STONE, J.—The will of David M. Dickson contains unusual, and somewhat contradictory provisions. The 2d item directs the payment of testator's debts, and makes this, what the law expects, an executorial duty. The 3d clause evidently gives an estate to the widow, to continue during her life or widowhood, but charges upon it the support, maintenance, and education of the testator's minor children. Its language is: "It is my will that my beloved wife, Mary

Ann Dickson, may retain all my property, both real and personal (after making the appropriations above provided for), during her natural life or widowhood, for her support and comfortable maintenance, and for the support, maintenance, and education of my minor children." What testator means by "appropriations above provided for," is the payment of his debts "out of any available assets at their control." The provision in the third item, *for the support, &c., of his minor children*, was evidently intended to continue during their minority, and no longer. The remaining clause of that item renders this unmistakably clear. Its language is, "provided, however, that she [Mrs. Dickson] be authorized, and it is my desire that she should, at the majority or marriage of each one of my unmarried children, give off or apportion to such child or children respectively, as they attain majority or marry, an amount equal to that I have already given off to those who are married, or as nearly this amount as she may be able to, without injury to herself and the remaining minor children ; these allowances to be at her discretion." Being authorized to give off, at her discretion, to the unmarried children, as they arrived at lawful age or married, shows that those who thus arrived at age, or married, would be no longer entitled to share in the 'support and comfortable maintenance,' for which purpose testator had placed the *residuum* of his estate in the hands of his widow. To hold otherwise, would be to give them, not only "support, maintenance and education" during the life or widowhood of Mrs. Dickson, but, at her discretion, an additional amount equal to that he had already given off to his children previously married. There is not only no warrant in the will for giving them this double portion, but such construction is palpably opposed to the general intent of the will, which contemplates perfect equality in distribution among testator's children. So, we repeat, the minor children, whose support, maintenance, &c., were by the will made a charge on the estate given to the wife, were entitled to its enjoyment, only until they severally arrived at lawful age, or married. Now, as it could not be known that Mrs. Dickson would not live, and remain a widow, until after the youngest child would become of age or marry, it was possible, if not probable, that there would come a time when Mrs. Dickson would enjoy the entire use of the property, relieved of all charge for the support and maintenance of the minor children. The will, then, gave her a life estate in the *residuum* of the property, charged with the support, &c., of the minor children, and subject to be abated, at her discretion, by giving off to the unmarried children, as they attained majority, or married.

[Ex parte Dickson.]

We said above, that this will contains unusual, and somewhat contradictory provisions. In the 4th item, testator, speaking of the advancements he had made to two of his married daughters, and the values he had placed upon them, used this language, that he had "made due entry on account of the same, shall in any future allowances make similar entries, and direct my executors to pursue the same course." In his will, he appointed two executors, his wife and a son; and the language copied last above indicates that he expected both his executors to participate and act in the matter of giving off to the remaining children, for which he had made provision. Yet, in the third item, copied above, he had expressly charged that duty on his wife, and left its exercise to *her discretion;* ignoring in this service all participation or discretion at the hands of her co-executor.

Again: In the 7th item, testator declares his purpose to be, to allow his wife, "as one of my [his] legal representatives, during her widowhood, to exercise a reasonable discretion and power in the management of my [his] estate, with reference to the sale of real or other property, and making investments of surplus money, &c., by and with the advice and consent of the court." In this item, large power and discretion are conferred on Mrs. Dickson, *as one of the personal representatives;* but it is conferred on her alone, not on her and her co-executor. If she had failed to qualify, had resigned, or had otherwise lost or surrendered her authority as executrix, it will scarcely be contended her surviving or continuing co-executor, or an administrator with the will annexed, could have exercised either of these powers. They are personal trusts, confided to Mrs. Dickson; not executorial duties, entrusted to the executorial office. *Camp v. Coleman,* 36 Ala. 163; *S. C. Ib.* 159; *Hitchcock v. U. S. Bank,* 7 Ala. 386, 436; *Perkins v. Lewis,* 41 Ala. 649; *Anderson v. McGowan,* 42 Ala. 280.

We come, then, to the conclusion that, in this will, there are no trusts, the execution of which is charged on the executorial office; and it follows, that no reason is shown why the Probate Court should not entertain jurisdiction, and make the final settlement of Mr. Dickson's estate.—*Coleman v. Camp,* 36 Ala. 159; *Johnson v. Longmire,* 39 Ala. 143. The petitioner is entitled to the relief she prays for.

The writ of *mandamus,* as prayed for, is ordered to be issued, unless the issue of such writ is rendered unnecessary, by a compliance, in the court below, with the principles of this opinion. Let the costs of this appeal be paid by the contesting parties in the court below.