# Sullivan v. Lawler.

*Bill in Equity by Distributees, against Debtor of Estate, for Discovery and Account.*

1.   *Discovery; when bill lies for.*—A bill for discovery alone must allege that the complainant can not make proof of the facts, as to which a discovery is sought, in any other way than by the defendant's answer.

2.   *When distributees may sue, without administration.*—The general rule is, that distributees, or next of kin, can not maintain a suit for the mere purpose of distribution, until letters of administration have been granted on the estate of the decedent; and this rule must prevail, unless facts are affirmatively shown which bring the particular case within the recognized exception dispensing with an administration when it would be a useless ceremony.

3.   *Same.*—Where the testator devised to his widow a life-estate in all his property, and directed "the balance" of the estate at her death "to be sold, and the proceeds to be equally divided among his children, making his widow executrix; administration on his estate, after the death of the widow, is necessary, before the remainder-men can maintain a suit in their own names.

4.   *Conversion of crops between tenants in common.*—A tenant in common of crops, selling the entire property in them, is guilty of a conversion, for which the other tenant (or his personal representative, in the event of his death) may maintain an action of trover.

5.   *Limitation of action for conversion, or suit in chancery on same demand.*—The statutory limitation of an action for the conversion of crops, brought by the personal representative of the deceased tenant against the surviving tenant in common, is six years (Code, § 3226); and a bill in equity by the distributees of the decedent's estate, filed nineteen years after the alleged conversion, can not be maintained, unless it avers facts which negative the bar of the statute at law.

APPEAL from the Chancery Court of MADISON.
Heard before the Hon. N. S. GRAHAM.

[Sullivan v. Lawler.]

BRANDON & JONES, for appellants.

CABANISS & WARD, *contra.*

SOMERVILLE, J.—The bill is filed by the distributees of the estate of Benjamin Lawler, deceased, who died in the year 1863, leaving a will. The testator devised to his wife, Rhoda, *a life-estate* in all his property of every description, real, personal, and mixed. After making a devise of certain specific property, the will contained the following item: "The balance of my estate, at the death of my wife, I desire *to be sold*, and *the proceeds* to be equally divided between my children, share and share alike." The purpose of the bill is, to hold the defendant, Benjamin F. Lawler, a son of the testator, to an account for certain personal property, alleged to have gone into his possession in the year 1863. It consisted of cotton and corn, raised on testator's lands during that year, under an agreement which seems to have constituted the defendant and the testator, who farmed together, *tenants in common* of these products. This suit was commenced in February, 1882; and, a demurrer being interposed, the bill was dismissed by the chancellor, for want of equity. There was no allegation of the death of the widow; but the chancellor, in rendering the decree, considers an amendment as having been made, setting up this averment, in accordance with a suggestion of complainant's counsel made during the argument at bar. It may be further added, that the bill also prays for discovery.

The bill, in our opinion, was fatally defective; and the chancellor did not err in decreeing its dismissal. It can derive no aid in the aspect of the prayer for a discovery of assets. Such a bill can never be maintained, unless it alleges that the complainant is unable to make proof of the facts sought to be discovered, in any other way than by the defendant's answer. There is no such averment in the present bill.—*Crothers v. Lee*, 29 Ala. 337; *Perrine v. Carlisle*, 19 Ala. 686.

The general rule has always obtained in this State, that distributees, or next of kin, can maintain no suit for the mere purpose of enforcing distribution, until letters of administration have been granted upon the estate of the decedent. Until this step has been taken, as was said in *Gardner v. Gantt*, 19 Ala. 668, "the legal title can not be brought before the court, and therefore it can not be bound by the decree; nor can the court see that the trusts have been executed." The exception to this general rule is, that a court of equity possesses the power to dispense with the necessity of an administration on proper averments being made in the bill, accompanied by proof, that such administration would, if granted, be "a useless ceremony."

[Sullivan v. Lawler.]

*Plunkett v. Kelly*, 22 Ala. 655. The *onus* of alleging and proving this state of facts clearly rests upon the complainant in every suit. Unless the allegations of the bill affirmatively show the given case to fall within the *exception*, it must be held to be governed by the *general rule.—Fretwell v. McLemore*, 52 Ala. 124, 133; *Wright v. Lang*, 66 Ala. 389, 397.

We are of opinion, that the present case is not brought within the exception to the general rule. The language of the will contemplates an administration with the will annexed, after the death of the widow, who was appointed the testator's executrix. The testamentary direction is, that when her life-estate shall have expired, the remainder should be *sold*, and the *proceeds* of sale distributed to those entitled. This is a duty in the nature of an executory trust, devolved upon the administrator *cum testamento annexo.—Mitchell v. Spence*, 62 Ala. 450; *Perkins v. Lewis*, 41 Ala. 649. The testator had a right to designate the manner in which his bounty should be distributed, this right attaching as a necessary element to the ownership and *jus disponendi* of his property. Administration, then, can not be said to be a useless ceremony, but would rather seem to be necessary in order to carry out this trust created by the will, which may have been wisely intended to prevent disputes and litigation among the numerous distributees claiming an interest.

We need notice but one other defect in the case made by the bill. There is no allegation that the widow failed to qualify as executrix, or that there is no administration on the estate, and that the defendant has failed to account to such personal representative of the deceased. The defendant, according to the facts stated, was a mere tenant in common with the testator, owning an undivided fourth interest in the crops alleged to have been converted. It is the settled doctrine in this State, that if one tenant in common of a chattel sell the entire property, it is a conversion for which he would be liable in trover to his co-tenant, or to his personal representative.—*Smyth v. Tankersley*, 20 Ala. 212; *Perminter v. Kelly*, 18 Ala. 716. Such an action is barred by the statute of limitations of six years.—Code, 1876, § 3226. The present conversion is alleged to have taken place in the year 1863,—or about nineteen years before the bill was filed. When the life-tenant died is not shown, nor can we be presumed to know. Nor is it alleged that the decedent died free of debt, or that his debts have been paid, unless this fact can be inferred by a lapse of time less than twenty years, which is questionable.—*Jones v. Brevard*, 59 Ala. 499; *Baines v. Barnes*, 64 Ala. 375; *Goodwyn v. Baldwin*, 59 Ala. 127. It may be that there has been such administration, or that the widow qualified as executrix, which she was authorized to do without bond, and that as much as six

[Stovall v. Fowler.]

years afterwards elapsed, so as to have barred the action for
conversion.   This contingency should have been negatived by
the complainants' bill; and in failing to do so by affirmative
averments, it was wanting in equity.

These grounds are sufficient to authorize the decree of dis-
missal, to say nothing of the other grounds of demurrer,.
which we do not consider.

Affirmed.