# Watson *v.* Martin, Adm'r.

### *Statutory Real Action in Nature of Ejectment.*

1. *Construction of will; what an executorial power, and not a mere personal trust.*—A testator, after providing for the payment of debts, directed that his estate, real and personal, should remain in the hands of his wife, "to rear and educate his three children, and to remain hers during her life-time or widowhood," and that, in case of her marriage, his estate, real and personal, should be sold, and the proceeds equally divided between her and his three children. *Held*, that the power of sale expressed in the will is not a mere personal trust, to be executed only by the executor, but is a general power, unattended by any discretionary power, or evidence of personal confidence, which may be exercised, under the statute, by an administrator *de bonis non*.

2. *Same; conversion of realty into personalty.*—It was further held, the widow having married, that under the will, as affected by the widow's marriage, the children did not take the land as land, but that it was converted into personalty, requiring the services of a personal representative for its administration.

3. *Sale of decedent's land; when title not divested.*—After her marriage, the widow and her husband, acting under an order of the probate court, for that purpose, granted on their petition, sold the devised land for partition, and she became the purchaser, but gave no notes for, nor afterwards paid the purchase-money. The sale was reported to, and confirmed by the court, but no report of the payment of the purchase-money, no order to make title, and no conveyance of the land were ever made. *Held*, that the title to the land was not divested out of the testator's estate.

4. *Deed to land by wife alone; when void.*—It was further held, that the individual deed of the widow, purporting to convey the land to her children by the testator, in which her second husband did not join, was a nullity.

5. *Lands converted by will into personalty; when interest of parties can not be determined at law.*—The children, after having received the conveyance from their mother, having sold and conveyed to another, *it was further held*, that if the purchaser from them is the real owner of their shares, on proper application and showing, he should be allowed to take their places, and to receive their legacies; that if the widow is indebted to the estate, or if the estate is indebted to her, this should be considered in settlement and distribution; and that if the widow has already received her full share of the estate, there is no occasion for a sale or di-

[Watson v. Martin, Adm'r.]

vision of the lands; but that these are questions which a court of law can not determine.

APPEAL from Barbour Circuit Court.
Tried before Hon. H. D. CLAYTON.
The facts are stated in the opinion.

McKLEROY & COMER, for appellant.—(1) The will created personal trusts in the executor and executrix, and the appellee, who is administrator *de bonis non, cum testamento annexo*, having no power to execute the trusts, has no right to recover the land sued for.—*Perkins v. Lewis*, 41 Ala. 649; *Anderson, Adm'r, v. McGowan*, 42 Ala. 280; s. c. 45 Ala. 462; *Pinney v. Werborn*, 72 Ala. 58; *Morgan v. Casey*, 73 Ala. 222. (2) Even if the will did not create a personal trust in the executor and executrix, the administrator *de bonis non* has no right to recover the land from the vendee of the heirs, there being no debts against the estate, and nothing remaining for the administrator to do touching the administration of the estate.—*Owens v. Childs*, 58 Ala. 113.

JERE N. WILLIAMS, *contra*. (1) The will imposed no personal trust as to the matter of sale and division. It required that, upon the widow's marriage, the property should be sold and divided. No discretion in this particular is allowed to the executors. No directions are given, no limitations imposed, nor is there, in this special provision, any thing other than the plain requirement to sell and make division. (2) The widow did not acquire the legal title by her purchase. She only took an inchoate equity, capable of being made a perfect equity by payment of the purchase-money. She could convey nothing more than she had acquired, and her vendees were charged with notice of the character and extent of her interest and rights under the purchase.—*Ketchum v. Creagh*, 53 Ala. 224; *Wallace v. Nichols*, 56 Ala. 321; *McCully v. Chapman*, 58 Ala. 325. (3) The deed executed by the widow and the deeds executed by the children did not operate a sale and division under the terms of the will. The legatees had no power to take such steps. This point discussed with following citation of authorities: *Carter v. Owens*, 41 Ala. 217; *Calhoun v. Fletcher*, 63 Ala. 574; *Nelson v. Murfee*, 69 Ala. 598; *Bell v. Craig*, 52 Ala. 215; *Patton v. Crow*, 26 Ala. 426; *Cruikshank v. Luttrell*, 67 Ala. 318. (4) But if they had the authority to make sale and division, they did not execute the will in this respect. The will certainly contemplated a sale as a single, separate event, a matter to be done at one time, and not by piecemeal, and at different times. The widow was a legatee,

and yet she got nothing. Besides, her conveyance, being without the concurrence and signature of her husband, was a nullity. (5) A division made by heirs amongst themselves, and without administration, carries only an equitable title.—*Carter v. Owens*, 41 Ala. 217; *Anderson v. Anderson*, 37 Ala. 683; *Marshall v. Crow*, 29 Ala. 278. Hence, the appellant, claiming under them, has no such title as will prevail in a court of law. The testator made no specific bequests of property, real or personal. The legacies, if they may be so designated, are of money only, and not in defined sums. The fund to be divided must be of the estate of the testator, and that fund can be realized only in one way. (6) The administrator *de·bonis non* may recover although it is shown that there are no debts. *Calhoun v. Fletcher*, 63 Ala. 574; *Casey v. Morgan*, 73 Ala. 222; *Doe v. Hardy*, 52 Ala. 291; *Cruikshank v. Luttrell*, 67 Ala. 322.

STONE, J.—Charles D. Bush died in 1853, leaving a will which was probated after his death. He appointed Selina Bush, his wife, executrix, and Seaborn J. Dubose executor of his will. Mrs. Bush entered upon the execution of the trust, but whether Dubose acted is not shown. At his death Mr. Bush owned lands, and probably personal estate. He left three children. After providing for the payment of debts, testator directed that his estate, real and personal, remain in the hands of his wife "to rear and educate his three children, and to remain hers during her life-time or widowhood." In case of the marriage of Mrs. Bush, the will directed testator's estate, real and personal, to be sold, and [the proceeds] "equally divided between her and the three children." No other clause of the will need be noticed here.

In 1862 Mrs. Bush intermarried with Glover, who, by virtue of his marriage, became executor with her of the will. Soon afterwards they petitioned for, and obtained an order of the probate court, to sell the lands for division. They sold, and the executrix, Mrs. Glover, became the purchaser. She gave no notes, and did not pay the purchase-money. Nevertheless, they reported the sale to the probate court, and it was confirmed. No report of payment of the purchase-money, and no order to make title were ever made, and no conveyance of the lands to Mrs. Glover was ever executed. In 1873 Mrs. Glover, by her individual deed, in which her husband did not join, conveyed the lands to her three children by Bush, her former husband. Subsequently, and before this suit was brought, the three children sold their several interests in the lands in controvery, and Watson, the defendant in this suit, became the owner thereof. In 1873, Glover and wife resigned the execu-

[Watson v. Martin, Adm'r.]

torship of Bush's will, their resignation was accepted, but they have made no final settlement of their administration. How their executorial accounts stand, is not shown.

In 1882, and at the instance of Glover, Martin was appointed administrator *de bonis non* of the estate of Bush *cum testatamento annexo*, and immediately instituted this statutory real action for the recovery of the lands. The court gave the general charge in favor of the plaintiff, at his written request, which was excepted to ; and there were verdict and judgment for the plaintiff. It was proven and admitted that Bush's estate owed no debts, when Martin was appointed administrator.

We can not assent to the argument of counsel, that the power of sale expressed in Mr. Bush's will, is a mere personal trust, to be executed only by the executors. It is a general power, unattended by any discretionary power, or evidences of personal confidence. Such power, under our statute, may be exercised by the administrator *de bonis non.*—Code of 1876, § 2218; *Coleman v. Camp*, 36 Ala. 159; *Ex parte Dickson*, 64 Ala. 188; *Mitchell v. Spence*, 62 Ala. 450.

It is very clear that the title to the lands in controversy has not been devested out of the estate of Mr. Bush, by any proceedings shown in this record. It requires a conveyance to devest title, and none was made in this case. If there had been a necessity for an order of sale (there was not), then, to devest title, there must have been, not only a sale, reported and confirmed, but report that the purchase-money was paid, order to make title, and title actually made.—*Ketchum v. Creagh*, 53 Ala. 224; *Wallace v. Nichols*, 56 Ala. 321; *Mc-Cully v. Chapman*, 58 Ala. 325; *Calhoun v. Fletcher*, 63 Ala. 574.

There is, however, another defect in the defense offered, which renders it entirely unavailing at law. Under the will, as affected by the marriage of Mrs. Bush, the children did not take the land, as land. It was directed to be sold, and the proceeds divided equally between the widow and her three children. This converted the realty into personalty, and required the services of a personal representative for its administration.—*Hemphill v. Moody*, 64 Ala. 468.

We need not and do not say, that the legatees under Mr. Bush's will, all being adults, could not have agreed together, and divided the lands and other property, without a sale. They are not shown to have done so. The deed of Mrs. Glover, not joined in by her husband, is a nullity.

If Watson is the real owner of the shares of the several children, then, on proper application and showing, he should be allowed to take their places, and to receive their legacies. And if Mrs. Glover is indebted to the estate, or if the estate is

[Rouse & Smith v. Martin & Flowers.]

indebted to her, this should be considered in settlement and distribution. We say distribution; for the estate must be distributed entirely as personalty. If, however, Mrs. Glover has already received her full share of the estate, then there is no occasion for a sale or division of the lands, as Watson appears to own all the remaining interests. But a court of law can not determine these questions.—*Owens v. Childs*, 58 Ala. 113.

The judgment of the circuit court must be affirmed.