(134 So. 20)

## HEFLIN v. HEFLIN.
### 6 Div. 766.

Supreme Court of Alabama.
March 5, 1931.

Rehearing Denied April 23, 1931.

Victor H. Smith, Stokely, Scrivner, Dominick & Smith, and R. B. Evins, all of Birmingham, for appellant.

Henry Upson Sims and Harrington P. Heflin, both of Birmingham, for appellee.

**FOSTER, J.**

Reference is made to the two former appeals in this case for the principles and conclusions there reached. Heflin v. Heflin, 208 Ala. 69, 93 So. 719; Id., 216 Ala. 519, 113 So. 535.

It will be noted that on the last appeal this court decreed that complainant, appellee on this appeal, was entitled to relief, and that this appellant was a trustee to the extent of a half interest in the property referred to resulting from the payment by appellee of one-half of the purchase money.

Appellant filed a cross-bill claiming that appellee was due him a large sum for money loaned, separate and apart from the items of expense properly chargeable to appellee on account of handling and caring for the property. This court on that appeal did not pass upon the relation of such loans to this transaction. While it rendered a final decree fixing the status of a resulting trust, the case was remanded that appellant could present anew his cross-bill as indicated. This has been done. Appellant filed another cross-bill recognizing the finality of the decree fixing the relation of the parties, and renews his claim to the amount alleged to have been loaned appellee.

The cross-bill alleges that the conveyance to appellant which this court has held was for the equal benefit of both parties, and created a resulting trust, was dated January 19, 1901. That appellant has had control of the property since then, and that on April 14, 1914, he sold some of it and on account of such sale received a sum of approximately $16,300, and has collected $11,700 from various other sales. That from this total he advanced $10,000 to appellee, leaving approximately $4,000 and interest for which he was due to account to appellee. That appellee's right to a resulting trust arose on January 19, 1901, when the deed was made to appellant, and that within six years prior to that date he had loaned to appellee various sums and paid out for him other sums, the total amount of which he seeks to set off against such resulting trust of appellee in the property as of January 19, 1901.

In the alternative, it avers that appellee's "cause of action in this matter accrued on April 14, 1914," and that on that date appellee was indebted to appellant on account of such separate personal transactions which occurred within six years prior to that date, and which he is entitled to set off against the claim of appellee to a resulting trust in an undivided one-half interest in the land, and the proceeds of said sales remaining in possession of appellant for which he had not accounted.

In another paragraph the cross-bill alleges that there was an agreement (whether verbal or written it is not alleged) that any right or interest of appellee "should stand and be security for this respondent (appellant) * * * for such loans * * * which were made on the faith of such agreement."

During the period extending from a time shortly after the purchase to shortly before the decree in this case, appellant had paid large sums for taxes, expenses, and assessments for improvements, all properly incurred in the care and management of the property.

When the case came on for hearing on the cross-bill the circuit court sustained demurrers to those aspects of it which seek to set off the amount of the personal loans, and held that the allegation that there was an agreement that appellee's interest should "stand good" for them was not sustained by the proof.

■■ Obviously, the decree was correct in holding that the amount of the personal loans was not a proper matter of set-off against appellee's right to a resulting trust. That right is an equitable claim to an undivided half interest in property, and not one for money. Set-off is not available except to a moneyed demand. This court has rendered a decree declaring the existence of the trust relation. It thereby adjudged that appellee had paid one-half the purchase money and was the equitable owner of a one-half interest in the property for which appellant is trustee. To such claim, thus declared, there is no room for a set-off.

But when, in 1914 and the subsequent years, appellant received funds to which appellee was also a beneficiary with appellant as trustee, the latter was due to make account in money. As against that claim, appellant seeks to set off the amount of such personal debts not then barred by limitations.

■ We do not doubt that when a claim for a definite sum is sought to be recovered in equity, as when that court has jurisdiction upon some distinct equitable principle, it will permit a set-off as at law without other special equity, and though it grows out of an independent transaction. McQuagge Bros. v. Thrower, 214 Ala. 582, 108 So. 450; Thompson v. Menefee, 211 Ala. 168, 100 So. 107; Jones

v. Brevard, 59 Ala. 499. For in matters of set-off courts of equity follow courts of law in the absence of some recognized equity. Jones' v. Brevard, 59 Ala. 499; 34 Cyc. 722; Farris & McCurdy v. Houston, 78 Ala. 250; Tate v. Evans, 54 Ala. 16; O'Neill v. Perryman, 102 Ala. 522, 14 So. 898; Smith v. Perry, 197 Mo. 438, 459–460, 95 S. W. 337; Porter v. Roseman, 165 Ind. 255, 74 N. E. 1105, 112 Am. St. Rep. 222, 6 Ann. Cas. 718; 24 R. C. L. 865; Mackintosh v. Stewart, 181 Ala. 328, 61 So. 956.

But there is at least one principle which we think supports the result reached in the circuit court denying the right of appellant to make the set-off. That is, that when money is derived from a particular source or fund, payment must be applied to the relief of such source or fund. Darden v. Gerson & Winter, 91 Ala. 323, 9 So. 278; Nolen v. Farrow, 154 Ala. 269, 45 So. 183; Pearce v. Mills, 190 Ala. 616, 67 So. 581; 31 Cyc. 1248.

The money which appellant received had as its source the trust property, and was itself a trust fund. By every principle of law and equity, therefore, it should be first applied to the benefit of the trust and to the satisfaction of such items of expense paid in its care which are properly chargeable to the trust estate in favor of appellant, before they could be set off against independent claims, even if they were such as that set-off were otherwise available.

While the cross-bill alleges that the items of expense for the care of the property were paid out of the appellant's own funds, it does not show that the amount of such expense was not equal to or greater than the balance of the trust fund he had on hand. Though they were paid out of his own funds, he should have paid them out of the trust fund in his hands, or reimbursed himself with such fund. He cannot under the circumstances sustain a claim that it was not done, but that the trust fund was held by him intact in order to set off against it the personal transactions. It is immaterial what identical funds were thus used, for when he had trust funds, the law says that in effect the trust funds were used for trust purposes. No part of such fund was due appellee until there was an accounting of the trust, and a balance found to exist after payment of the expenses of the trust.

Since the resulting trust has been declared, the effect in equity is that after January 19, 1901, the parties have been tenants in common of the property with appellant in possession. A tenant in common is bound to apply income from the property to reimburse himself for taxes, etc., and thereby stop interest charges. 38 Cyc. 63, 78.

There is not now any contention that appellee as the complainant should pay such items of personal indebtedness as an equitable condition to relief not based upon contract. It was pointed out on the last appeal that such claim is untenable.

The circuit court held that the evidence did not show with reasonable satisfaction that the allegations of the cross-bill are true, wherein it was averred that there was an agreement that the interest of appellee "should stand good" for the debts we have been discussing. As we concur with that view of the evidence, and the court overruled the demurrer to that aspect of the cross-bill, its legal sufficiency is not now before us.

In rendering its decree the circuit court found the amount of expenses and proper charges which appellant had paid on account of the trust and deducted from one-half of such sum the amount of "all credits in favor of [appellee] which should have been deducted therefrom," and ascertained a balance of $7,238.85 due to appellant by appellee, not including the payment of municipal assessments for public improvements; and ordered a reference to the register to ascertain that sum. Appellant does not assign as error those features of the decree. Subsequent to the decree the parties entered into an agreement that the amount of such payments for municipal assessments chargeable to appellee is $8,195.76, making a total sum of $15,434.61, all with interest from August 1, 1930.

In rendering the decree we think the court followed the principles of law we have referred to, and we find no error in it. Consistent with the agreement of counsel in the record, the decree of the circuit court is modified so that the relief whereby appellee was adjudged to possess a resulting trust to the extent of a half interest in the property described in this proceeding is upon the condition that he shall pay to appellant or into the circuit court for appellant the sum of $15,434.61, with interest, from August 1, 1930. The payment shall be made within ninety days from the effective date of this judgment, to wit, April 23, 1931, and, if not paid in that time, the cause shall be dismissed, at the cost of appellee. And in that event, appellee shall be forever barred of any right, title, claim, or interest in the property involved in this suit. But if said amount is paid within the appointed time, the register of the court shall execute a deed in due and proper form conveying to appellee an undivided one-half interest in said property, and appellant shall in that event pay the costs of this cause which shall have accrued to that time, and the commissioners who were appointed by the circuit court, or their successors to be appointed by said court, shall proceed to partition the property as directed in its decree. The cost of the partition proceeding shall be equally divided between the parties, and the cause is remanded to the circuit court for further proceedings.

As thus modified, the decree is affirmed.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.