# Hamilton *v.* Maas & Brother.

*Special Action for Damages, by Mortgagee of Crops, against Purchaser with Notice of Lien.*

| | |
|---|---|
| 77 | 283 |
| 130 | 399 |
| 130 | 402 |
| 131 | 70 |

1. *Whether conveyance is mortgage or crop-lien for advances.*—An instrument conveying the crops to be grown during the year, in form declaring a statutory lien for advances made and to be made (Code, §§ 3286-7), is effective only as a mortgage, on proof that it was given to secure an antecedent debt, and that no advances were in fact made on the faith of it.

2. *Description of personal property conveyed.*—A mortgage which conveys "all of the crops of corn, cotton and cotton-seed, and crops of every other name and description, to be grown this year in said county," is not void for uncertainty, but is valid and operative to convey all the crops grown in said county by the grantor or mortgagor.

3. *Conflicting liens for rent, advances, and under mortgage of crops.* The landlord's lien for rent (Code, § 3467) is superior to that of a mortgagee of the crops, though the mortgage was given before the beginning of the year; and if the landlord makes advances to enable his tenant to raise a crop, not only on the rented lands, but also on other lands owned by the tenant himself, taking a crop-lien note and mortgage (Code, §§ 3286-7), the lien of this instrument is superior to that of the prior

mortgage, if the latter was given only for an antecedent debt; but the lien of the mortgage must prevail at law, against a note given for the unpaid purchase-money of land. though called rent, and payable in cotton, and assigned to the landlord of the maker.

4. *Action for damages, by mortgagee of crops; against landlord with prior lien.*—A mortgagee of crops grown on rented lands may maintain a special action on the case against the landlord, who, having notice of the mortgage, seized and sold the entire crop under his prior lien for rent and advances, the proceeds of sale exceeding the amount of his claim; and is entitled to recover the excess.

APPEAL from the City Court of Selma.

Tried before the Hon. JONA. HARALSON.

This action was brought by Posey Hamilton, against Maas & Brother, late partners in business; and was commenced on the 26th March, 1883. The complaint contained but a single count, which claimed $1,000 as damages, for that one Robert Moore became and was indebted to plaintiff, on the 7th November, 1881, in the sum of $400, for which he executed to plaintiff, on that day, his promissory note payable October 1st, 1882, and a mortgage to secure the payment of the same, "whereby he conveyed to plaintiff all crops of corn, cotton and cotton-seed, and crops of every other kind and description, to be grown by said Moore during the year 1882 in said county of Dallas; and said defendants, well knowing of said debt, and of the making of said note and mortgage, and for the purpose of preventing plaintiff from collecting his said debt, or getting the benefit of the lien given by said mortgage on the cotton raised by said Moore during said year, to-wit, ten bales of cotton, each weighing about 400lbs., and each of the value of $50, did, to-wit, on the 1st day of November, 1882, take the said cotton into their possession, and wrongfully sell and dispose of the same; whereby plaintiff has been prevented from enforcing his lien on said cotton, and has lost his said debt." The cause was tried on issue joined on the plea of not guilty; and a trial by jury being waived, on all the evidence adduced, the court rendered judgment as on verdict for the defendants. The plaintiff duly excepted to this ruling and judgment, and he here assigns the same as error. The bill of exceptions purports to set out all the evidence in full, but it is only necessary to state the material facts bearing on the points decided by this court.

The plaintiff's mortgage was dated November 7th, 1881, and was duly filed for record in the Probate Court of Lowndes county, on the 3d December, 1881. It was in the form of a crop-lien for advances made and to be made, as evidenced by a promissory note for $400; declaring "that said advances, or the amount thereof, shall be a lien on my crops grown on—— plantation in——county, Alabama, the present year, 1882."

[Hamilton v. Maas & Brother.]

The plaintiff, testifying as a witness for himself on the trial, admitted that no advances whatever were made under this instrument for the year; and stated that he only claimed $242.30, the amount of Moore's antecedent indebtedness to him at the time the mortgage was executed. The property conveyed by the mortgage was thus described. "All of the crops of corn and cotton and cotton-seed, and crops of every other name and description, to be grown this year, 1882, in said county;" also, two horses, particularly described, one wagon, and a small parcel of land containing "twenty-two (22) acres, more or less." The plaintiff admitted, also, that he had not foreclosed the mortgage on the horses. The mortgagor was not able to read or write, and his name to the mortgage was signed by mark only, which was attested by two witnesses, one of whom was the plaintiff's clerk and agent, by whom it was written, or the blanks in the printed form filled up at the time of its execution. It was a controverted question, whether the land was included in the mortgage by the authority of the mortgagor, or whether he knew that it was included when he executed the instrument; the plaintiff and his said clerk testifying affirmatively for him, while the mortgagor himself testified, as a witness for the defendants, that he did not intend to include the land, and did not know that it was included. The decision of this court renders it unnecessary to state the evidence bearing on this point.

It appeared that Moore cultivated three small parcels of land during the year 1882: 1st, the tract described in the mortgage to plaintiff, which was conveyed to him by W. A. Rice and wife, by deed dated 20th December, 1879, and of which he cultivated from fifteen to seventeen acres; 2d, a parcel of land called the "Lewis place," which the defendants rented, and then sub-rented to him; 3d, a small parcel of land, which belonged to one T. B. Summerville, the defendants' clerk and agent, who had agreed to sell and convey it to said Moore, and Moore had paid $100, one-half of the agreed price. The entire crop of cotton raised by Moore during the year 1882, on these three parcels of lands, was nine bales; and these were ginned and packed by one Underwood, for the defendants, and were received and sold by them. Underwood testified, as a witness for the plaintiff, to the weight of these several bales; and other witnesses for the plaintiff testified, that cotton was worth at that time about ten cents per pound. The defendants claimed the cotton under a mortgage and crop-lien for advances for and during the year 1882, which was in the same form, and conveyed the crops and horses by the same words, as the mortgage to plaintiff, but was dated January 2d, 1882; and they proved that they had made advances under this instrument

amounting to $238, besides $41 for ginning, packing, &c.    They also claimed $50 for the rent of the land called the "Lewis place," which they had themselves leased from the owner for the year 1882, and sub-rented it to said Moore for $50, taking his note for the amount, which was dated January 2d, 1882, and signed by said Moore, by which he promised to pay to said Summerville, on the 1st September, 1882, "two and one-half bales of cotton, to weigh 1,250 lbs., and to class middling, for rent of house and twelve acres of land for the year 1882, being the same house and land now occupied by " said Moore. This note was assigned by said Summerville to defendants "for value received," as the assignment recited, and the assignment was without date; but Summerville testified that it was made about the 1st February, 1882, in consideration of $100 paid to him by defendants. As to the parcel of land mentioned in this note, it was shown that Summerville had sold it to Moore, about the beginning of the year 1880, or 1881, at the agreed price of $200, one-half of which was paid in cash; and had executed a bond conditioned for titles to be made on payment of the balance, which fell due about December, 1881, or the 1st January, 1882. There were some negotiations between plaintiff and Moore about the payment of this balance, which resulted in nothing, because Moore wanted the title conveyed to his wife. The evidence as to these negotiations was contradictory, but it is not material to the points decided by this court. The money not having been advanced by plaintiff, a new contract was made between Moore and said Summerville, as each of them testified in substance; the bond for title was surrendered to Summerville, and the note for rent executed by Moore; and it further appeared that, after the payment or satisfaction of this note out of the cotton received by defendants, Summerville executed a deed for the land to Moore's wife.

The judgment on the evidence is the only matter assigned as error.

WHITE & WHITE, for the appellant.—The plaintiff's mortgage is not void for uncertainty in the description of the crops conveyed.—*Ellis v. Martin*, 60 Ala. 394. The defendants were chargeable with notice of plaintiff's prior lien.—*Boggs v. Price*, 64 Ala. 514. The plaintiff's right of action is supported by *Hussey v. Peebles*, 53 Ala. 432; *Collier v. Faulk & Martin*, 69 Ala. 58. If the defendants had a prior lien for rent or advances, it was incumbent on them to show the amount, and the particular cotton to which their lien attached; and they can claim no advantage from the confusion and intermingling of the cotton.—*Burns v. Campbell*, 71 Ala. 288. The note for unpaid purchase-money was not a lien on the crops.—58 Ala. 438.

[Hamilton v. Maas & Brother.]

W. C. WARD, *contra.*—The plaintiff's mortgage purports to convey all the crops raised in Lowndes county during the year 1882, and is void for indefiniteness and generality of description.—Jones on Chattel Mortgages, §§ 55, 56, 63. It is void as to the crops raised on the "Lewis place," because that place was not rented by Moore when he executed the conveyance, and he had no potential property in any crop he might afterwards raise on it.—Jones on Chattel Mortgages, § 140. The instrument is supported only by an antecedent debt as its consideration, and has no effect as a crop-lien.—*Comer v. Daniel,* 69 Ala. 434; *Pearson v. Evans,* 61 Ala. 416. As against a mortgage, though of prior date, the defendant's lien for rent and advances must prevail.—Code, § 3467. On the evidence, Moore's note to Summerville, held by defendants as assignees, was a valid claim for rent, the original contract of purchase having been rescinded by the mutual agreement of the parties. These several sums aggregate more than the proceeds of sale of the cotton, at the price proved; and if there was any excess, plaintiff could not recover it in this form of action, the gist of which is the tortious or wrongful disposal of the cotton. As defendants had a prior lien and possession of the cotton, their sale of it was not unlawful; and if plaintiff has any remedy against them, it is by action for money had and received, or by bill in equity for an account. Nor does he show that he was injured by the sale of the cotton; since he has never foreclosed his mortgage on the horses.

STONE, C. J.—The conveyance to Hamilton simply secures an antecedent debt, and is therefore effective only as a mortgage. It is contended this mortgage is void, on account of its indefiniteness. The descriptive clause is in the following language: "All of the crops of corn and cotton and cotton seed, and crops of every other name and discription to be grown this year, 1882, in said county," [Lowndes county.] We think the plain import of this language is, that it conveyed the crops to be grown that year, in that county, by Moore, the mortgagor. This he could convey, and we will not impute to him the fruitless intention of attempting the impossible. It was a sufficient pledge of Moore's crop, to be grown that year in that county. *Ellis v. Martin,* 60 Ala. 394. Plaintiff made a sufficient *prima facie* case.

Maas & Brother had a valid crop-lien and mortgage duly recorded, and they made advances under section 3286 of the Code, which fastened a lien on the crop, superior to Hamilton's mortgage. They were also landlords of the lands known as the "Lewis place," and for the agreed rent, fifty dollars, had also a lien for that sum, on the crop grown on that land, which was

[Martin v. Blanchett.]

superior to Hamilton's claim.   The note for twelve hundred and fifty pounds of cotton, payable to Summerville, though called *rent*, was not rent.   It was but a renewal of. the unpaid purchase-money liability.   As proof of this, the agreement was, that when that note was paid, Summerville was to make title to the land.   Land-rent and purchase-money are not the same thing.   The result of these principles is, that for the rent of the Lewis land, and for advances properly made by Maas & Brother, they were entitled to be first paid out of the cotton.   Hamilton's right is superior to any other claim asserted by them.

The testimony in this record is, in some respects, wanting in precision.   It is not shown precisely what sum of defendant's claim is for team, provisions and farming implements, or money with which to purchase the same ; articles for which the statute secures a preferred lien.   As we understand the testimony, these items amount to about $238.   For ginning, packing and hauling the cotton to market, or to the gin, $41.   Add the rent of the "Lewis place," $50, and we have a total of three .hundred and twenty-nine dollars, for which Maas & Brother have a first lien.   Nor are we informed for what sum the cotton was sold.   Underwood, the ginner, gives what he says were the weights of the bales, aggregating three thousand nine hundred and nine pounds.   There is proof that cotton of this quality was then worth about ten cents a pound.   This would give three hundred and ninety 90-100 dollars as the value of the cotton ; an excess of more than sixty dollars over Maas & Brother's rightful first lien.   On the testimony in this record, Hamilton was entitled to a judgment for that sum, with interest.

Reversed and remanded.