# Ebersole *v.* Addington.

*Assumpsit.*

(Decided Feb. 6th, 1908.   Rehearing denied June 18th, 1908.
46 South. 849.)

1. *Tender; Amount.*—Where the amount tendered was a sum less than the amount actually due, the tender is insufficient, and judgment should be rendered for plaintiff for the amount due.

2. *Landlord and Tenant; Alteration of Times of Payment.*—Where the lease fixes the time of payment weekly at so much per week, the permitting the tenant to pay at the end of the month instead of the first of each week did not have the effect to change the term from a weekly to a monthly letting.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action in assumpsit by C. D. Ebersole against J. L. Addington, for rent. Judgment for defendant on his plea of tender, and plaintiff appeals. Reversed and rendered.

WARD & WARD, for appellant. The defendant having failed to support his plea of tender the plaintiff was

entitled to a judgment and costs.—*McCalley v. Otey*, 99 Ala. 584.

GASTON & PETTUS, for appellee. The lease contract was modified by the subsequent parol agreement, which is permissible.—*Robinson v. Bullock*, 66 Ala. 548. Mutual promises are sufficient to support the agreement.— 61 Ala. 312; 58 Ala. 296; 54 Ala. 122.

ANDERSON, J.—Accepting the defendant's version that the first of the four receipts introduced showed the payment of the rent up to July 30th, and that he subsequently paid $24, as shown by the other three receipts for $8 each, and tendered $8, making a total of $32, or the rent for 8 weeks, this sum would not cover the rent due, under the terms of the lease, from and including the 30th of July up to the 1st of October. There were 2 days in July, 31 in August, and 30 in September, making a total of 63 days, or exacting 9 weeks. The defendant was therefore in arrears $12, instead of $8, on the 1st of October, and, not having tendered as much as he owed, the trial court erred in rendering judgment for him on his plea of tender, and in not rendering judgment for the plaintiff for $12, with interest since the 1st of October, 1906, $10 attorney's fee, the amount agreed upon by counsel, and the cost.

The defendant testified that the agent, Sherrod, agreed for him to pay the rent the last of the month, instead of the first of each week in advance, as per the terms of the written lease. Conceding that this was true, and that the agent had the authority to so change the time of payment, which we need not decide, this only showed a change as to the time for the payments, and did not show that the amount was changed from $4 per week to $16 per month. While the lease covers a period

of six months, it expressly fixes the price to be paid at $4 per week. The payments and tender of the defendant, according to his own proof, cover only eight weeks, when he owed for nine.

This case having been tried by the court without a jury, and the judgment and conclusion being presented to this court for review, under the practice act of said court, we reverse the judgment of the circuit court, and render one for the plaintiff for $23.20, and the costs in the lower court, as well as this court.

Reversed and rendered.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.