[Pearce v. Mills, et al.]

# Pearce *v.* Mills, *et al.*

## *Ejectment.*

(Decided December 17, 1914.   67 South. 581.)

1. *Mortgages; Payment; Evidence.*—Where the issue was the payment of mortgage on land, and witnesses testified that either in the year 1902 or 1903, enough cotton was delivered to the mortgagee to pay the debt, the mortgagee could show that during the two years mentioned he held crop lien mortgages for money loaned which called for the total cotton crop of the mortgagor.

2. *Same; Lien; Application of Payments.*—In the absence of an agreement to the contrary, proceeds of mortgaged property, or property charged with a lien, must be applied to the debts secured.

3. *Witness; Transaction With Decedent; Conversations.*—Where the widow and heirs of deceased mortgagor brought ejectment against a mortgagee in which they detailed conversations between deceased mortgagor and the mortgagee, the mortgagee may deny that he had such conversations, although incompetent to testify as to any transactions with decedent.

APPEAL from Marion Circuit Court.

Heard before Hon. C. P. ALMON.

Ejectment by Lizzie Mills and others against James P. Pearce. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

E. B. & K. V. FITE, and A. H. CARMICHAEL, for appellant.

RAY & COONER, for appellee.

DE GRAFFENRIED, J.—James P. Pearce held a mortgage on certain lands which belonged to William W. Mills. The mortgage was executed by Mills, and there was evidence tending to show that Pearce was in possession of the land under and by virtue of the said mortgage or of a sale of the lands described in the mortgage made by Pearce as assignee of said mortgage

under the power contained in the mortgage and at which sale he became the purchaser. William W. Mills is dead, and this suit in statutory ejectment was brought by the widow and heirs of Mills against Pearce to recover possession of the land.

(1) The plaintiff introduced two witnesses, who testified that, prior to his death, William W. Mills in their presence delivered to Pearce more than enough cotton to pay off the mortgage, and that it was then agreed between Mills and Pearce that the mortgage was paid in full, and that the balance of the proceeds of the sale of the cotton would be credited by Pearce on the store account of Mills with Pearce. These two witnesses gave testimony to all that occurred in the alleged conversation with Pearce. For the purpose of contradicting these witnesses—and for no other purpose, as Mills is dead and Pearce is a party to a cause in which the estate of Mills is interested—Pearce was permitted by the trial judge to testify that he had no such conversation with the said deceased as was testified to by the said witnesses. The two witnesses who testified to the above agreement stated that it was made either in the latter part of the year 1902 or in the latter part of the year 1903, but the witnesses were unable to say which year.

(2) It appears from the evidence that Pearce is a merchant, and that Mills during the years 1902 and 1903 obtained his supplies from Pearce. The main features of the plaintiff's case depend upon the veracity of the two witnesses above referred to, or at least upon the integrity of their recollection as to the details of a conversation which the deceased is alleged to have had with Pearce, and which conversation Pearce denies. Pearce received cotton from Mills in 1902 and 1903, and he offered to prove, as sustaining his claim,

that the mortgage on the land had not been paid, that in 1902 he had a mortgage made to him by said Mills to secure a note for $267, which matured on October 15, 1902, and which mortgage conveyed to said Pearce all of the crop of cotton raised by Mills during the year 1902; and that he held a similar mortgage made to him by Mills on the crop of cotton grown by Mills during the year 1903, to secure a note for $220, which matured on October 15, 1903. The cotton which was delivered by Mills to Pearce during the years 1902 and 1903 was grown by Mills, and it seems clear that, for the purposes for which the mortgages were offered, the mortgages were competent. Proceeds of mortgaged property or of property charged with a lien *must* be applied to the debts secured, unless by agreement to the contrary.—*Strickland v. Hardie,* 82 Ala. 412, 3 South. 40. If Pearce made no agreement with Mills to apply the cotton to the debt secured by the mortgage on the land, then the *law* applied the proceeds to the payment of the debt secured by the mortgage on the cotton, and we think that the fact that Pearce had these two crop mortgages—the fact that if the witnesses who testify for the plaintiff as to the above conversation testify truthfully, or are not mistaken in their recollection, then that Pearce relinquished a part of his chattel mortgage security and applied it on a debt secured by a mortgage on real estate without any well-defined reason or consideration therefor—was relevant, material and legal.

(3) For the reasons stated in *Frank v. Thompson,* 105 Ala. 220, 16 South. 634, Pearce had a right to deny that he had the conversation with the said two witnesses, and we think the fact that Pearce had the two chattel mortgages should have gone to the jury as tending to corroborate the testimony of Pearce.

[Harris v. Harris, et al.]

For the error pointed out the judgment of the lower court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.