# Reynolds *v.* Hardee.

*Detinue.*

(Decided June 10, 1915. 69 South. 553.)

1. *Appeal and Error; Harmless Error; Instructions.*—Where the landlord brought detinue against his tenant for certain personal property claimed under a mortgage which also included the crop, and there was no evidence that the landlord advanced the tenant anything but such supplies as were useful in making the crop, a charge that plaintiff could apply the proceeds of mortgaged property only to the debts contracted for supplies furnished for the crop, while abstractly erroneous, was not prejudicial since the only advances made were for such supplies.

2. *Landlord and Tenant; Lien.*—Independent of any crop mortgage a landlord has a lien on his tenant's crop and may apply their proceeds to the satisfaction of such lien.

APPEAL from Lawrence Circuit Court.

Heard before Hon. A. H. ALSTON.

Detinue by E. D. Reynolds against J. W. Hardee. Judgment for defendant and complainant appeals. Affirmed.

Transferred from Court of Appeals under the act creating said court.

D. C. ALMON, for appellant.

CALLAHAN & HARRIS, for appellee.

[Reynolds v. Hardee.]

SAYRE, J.—Statutory detinue for horses, a mule and a plantation wagon. Reynolds, the plaintiff, claimed title under mortgages which included the crops to be raised by Hardee as a tenant on plaintiff's place. The mortgage debt did not include rent to be paid. For that plaintiff relied on his landlord's lien. His landlords' lien secured also, among other things, advances made for the sustenance or well-being of the tenant or his family.—Code, § 4734. The question was whether the mortgage—or the mortgages, for the security was renewed from year to year, balances being carried over —had been satisfied by cash paid and cotton and other property turned over to plaintiff. If so, plaintiff's mortgage title had been divested out of him. The court in its oral charge instructed the jury, "That the plaintiff would not have had the right to apply the proceeds of the mortgaged property to any debt, except such as was contracted to enable the mortgagor to make a crop during the year for which the mortgage was given."

To this excerpt plaintiff excepted, and this is the only exception argued in brief of counsel. We take the charge to mean that plaintiff's lien as landlord was to be measured by the agreed price or value of such articles as were furnished by plaintiff to enable defendant to make a crop, and that to such lien, so restricted the proceeds of the crop should have been applied. This was perhaps erroneous in the abstract (Don-aldson v. Wilkerson, 170 Ala. 507, 54 South. 234); but on the record we are able to see that it was a mere abstraction, and that if the jury reached its conclusion of fact on considerations afforded by the evidence alone, which is to be presumed, there is no chance that this abstraction had any influence upon the verdict. This

for the reason that there was no evidence that plaintiff advanced to defendant anything but such supplies as were useful in making a crop. The court instructed the jury at plaintiff's request that plaintiff, as landlord, had a lien on the crops raised by his tenant, the defendant, independent of any mortgage, and had the right to apply the proceeds of crops raised to the satisfaction of his landlord's lien. This was a clear and sufficient statement of the law applicable to the issues raised by the evidence, relevant to the application of payment, and, as we have said in substance, we are satisfied that the charge assigned for error had no effect in the case. The result will not be disturbed for harmless error.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.