(77 South. 64)

### ROY v. GREIL.   (5 Div. 223.)

(Court of Appeals of Alabama.   Nov. 13, 1917.)

1. EVIDENCE ☞460(9) — PAROL — IDENTIFI-
CATION OF MORTGAGES REFERRED TO IN AS-
SIGNMENT.

Where a number of mortgages without par-
ticular description were assigned to plaintiff,
testimony that the mortgage involved was in-
cluded in. the assignment was properly received,
being an identification of an instrument referred
to in the written assignment and not a con-
struction of the writing.

2. MONEY RECEIVED ☞7 — ACTIONS — RIGHT
TO MAINTAIN.

Where plaintiff's crop mortgage was first
executed and duly recorded in the county where
the crops were grown prior to the time defend-
ant's agent, under a subsequent mortgage, col-
lected the proceeds of the crop, plaintiff, in
equity and good conscience, is entitled to re-
cover the proceeds of the crop from defendant
and may maintain an action for money had and
received.

3. CHATTEL MORTGAGES ☞48—DESCRIPTION
—SUFFICIENCY.

A crop mortgage, declaring that the mort-
gagee shall have a lien on the crops of cotton
raised by the mortgagor on the "Creek Place"
in a named county or any other place in the
county, is not bad for indefiniteness.

4. CHATTEL MORTGAGES ☞203 — ASSIGN-
MENT—VALIDITY—EFFECT.

Though a written assignment of a crop mort-
gage was insufficient to carry the legal title, yet
where the mortgage and a note secured thereby
were delivered to the assignee he took an equi-
table title.

5. MONEY RECEIVED ☞7 — ACTIONS — RIGHT
TO MAINTAIN.

One having an equitable title to a crop mort-
gage may maintain an action for money had and
received against a junior lienor who collected
the entire proceeds of the crop.

Appeal from Circuit Court, Elmore Coun-
ty; W. W. Pearson, Judge.

Action by Meyer L. Greil against J. D.
Roy. From a judgment for plaintiff, defend-
ant appeals. Affirmed.

W. A. Gunter, of Montgomery, for appel-
lant. Rushton, Williams. & Crenshaw, of
Montgomery, for appellee.

BRICKEN, J.   The action is for conver-
sion and for money had and received.   The
bill of exceptions shows that:

"The plaintiff (appellee) introduced evidence
tending to prove that one Hilliard Motley, a
negro, on the 10th day of April, 1913, executed
a mortgage to one Adolph Abraham, * * *
said mortgage being on the crops of cotton raised
by said Motley on the 'Creek Place' in Autauga
county, or any other place in said county, during
the year 1913."

The law day of this mortgage was Octo-
ber 1, 1913. In May, 1913, Abraham assign-
ed and delivered this mortgage to one
Forbes, and on the same day Forbes assign-
ed and delivered the said mortgage to the
appellee. The mortgage was duly recorded
in Autauga county on May 29, 1913. In the
fall of 1913, appellant's agent collected from
the tenant Motley the proceeds of the crop
raised by him on the "Nunn Place," amount-
ing to $261.88, all of which he turned over

to the appellant. This suit is for that
amount, the amount of the mortgage indebt-
edness due appellee by Motley being $500.

In April, 1913, it appears that Motley exe-
cuted another mortgage to Abraham to se-
cure a note due November 1, 1913. This
mortgage was never recorded, but was ac-
quired by the appellant; this mortgage cov-
ered Motley's crop on the "Nunn Place" or
"any other place in said county." The mort-
gage was headed, "State of Alabama, Mont-
gomery County," and, while counsel for both
parties appear to assume that the mortgage
covered the crop to be raised on the "Nunn
Place" in Autauga county, the mortgage it-
self indicates that the crop therein mortgag-
ed was to be raised in Montgomery county.
It also appears that there was a "Nunn
Place" in Autauga county; but whether
there was another "Nunn Place" in Mont-
gomery county is not shown by the record.

When Abraham transferred the mortgage
to Forbes, he executed an instrument in writ-
ing in words and figures as follows:

"Now, therefore, in consideration of the prom-
ises, and the sum of five dollars to me this day
in hand paid by the said A. G. Forbes, I do
hereby transfer, assign and set over to the said
A. G. Forbes those certain notes and mortgages
executed by the persons hereinafter recorded,·
and which were held by me, but delivered con-
temporaneously herewith to the said A. G.
Forbes"—following which were the names of 68
persons, among which was Hilliard Motley.

[1] Over appellant's objection, the plain-
tiff in the court below was permitted to ask
the witness Teasley "if the mortgage of Mot-
ley to Abraham, offered in evidence by the
plaintiff, was included in the list of collat-
erals transferred by Abraham to Forbes, in
the instrument above mentioned." In this
there was no error. This was not a con-
struction of the writing, as contended by the
appellant, but the identification of an instru-
ment referred to in the writing, but not par-
ticularly described therein. Harper v. Col-
umbus Factory, 35 Ala. 127. In its general
charge, the court instructed the jury that:

"If plaintiff's mortgage was executed by Mot-
ley, and bore a previous date to that of defend-
ant, plaintiff was entitled to recover." .

This excerpt is all of the court's charge
that is set out in the record, and is not a
compliance with the requirements of the act
approved September 25, 1915 (Acts 1915, p.
815).

Appellee urges upon us that, in such a
case, we must assume that the oral charge,
when construed as a whole, was free from
error. It is not necessary to decide this
question, for the reasons presently stated;
but we will suggest that counsel cannot err
by seeing that the transcript filed in this
court substantially complies with the provi-
sion of the statute above referred to.

[2] The evidence was in conflict as to
whether or not the mortgage held by plain-
tiff was ever executed by Motley; but if it

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was executed, and the jury found that it was, it was executed prior to the mortgage held by the defendant, and was duly recorded in the county where the crops were grown prior to the time the defendant's agent collected the entire proceeds of this crop and turned the money over to the defendant. It is therefore clear that the plaintiff in equity and good conscience was entitled to recover the amount of the proceeds of the crop from the defendant, and that an action for money had and received was the appropriate remedy for him to pursue.

[3] The appellant urges that the description of the crop in appellee's mortgage is too indefinite, and for that reason the appellant was not entitled to recover. This contention has been disposed of adversely to appellant in the following cases: Smith v. Fields, 79 Ala. 335; Hamilton v. Maas, 77 Ala. 283; Woods v. Rose, 135 Ala. 297, 33 South. 41; and Connally v. Spragins, 66 Ala. 258.

[4, 5] It is unnecessary to decide whether the alleged assignment executed by Abraham, as above set out, was a legal assignment, in the sense that it vested the legal title to the property described in the mortgage in Forbes. The delivery of the note and mortgage, under the circumstances herein set out, conveyed the equitable title to the plaintiff. This was sufficient to enable him to maintain an action for money had and received. First Nat. Bank of Gadsden v. Sproull, 105 Ala. 275, 16 South. 879; Merrill v. Brantley, 133 Ala. 537, 31 South. 847; P. & M. Bank v. Tunstall, 72 Ala. 142.

The rulings of the trial court appear to be free from error, and its judgment is affirmed.

Affirmed.