(81 South. 192)

NICKLESON v. LOFTON et al.   (6 Div. 443.)

(Court of Appeals of Alabama.   Jan. 14, 1919.)

1. LANDLORD AND TENANT  262(3)—LANDLORD'S LIEN—PLEA.

In tenant's suit for recovery of personalty and for conversion of the same property, defendant landlord's special plea, specifically stating that a lien arose under lease which expired September 30, 1916, was not demurrable on ground that it failed to state when lien arose.

2. LANDLORD AND TENANT  243 — LANDLORD'S LIEN—EXISTENCE.

A landlord's lien under Code 1907, § 4747, is complete whether or not the landlord takes steps to enforce it in a court of law.

3. LANDLORD AND TENANT  254(2)—WAIVER OF LIEN—DEMAND FOR PROPERTY.

Where tenant's demand for property held by landlord under his lien was not accompanied by offer to pay rent due or a tender of rent due, demand was properly rejected, and landlord's unqualified refusal did not waive his lien.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Suit by Gus Nickleson, by next friend, against E. N. Lofton and Pete Argis. From judgment for defendants, plaintiff appeals. Affirmed.

George E. Bush, of Birmingham, for appellant.

Thompson, Greene & Thompson, of Birmingham, for appellees.

BRICKEN, J.   The plaintiff, by his next friend, brought suit against defendant for the recovery of specific personal property and also for the conversion of the same property.

The cause was tried by the court without a jury, and judgment was rendered for the defendants.

There are three assignments of error; two relating to the pleadings, and the other to the rendition of judgment by the court for the defendants.

---

[1, 2] The plaintiff complains of the action of the court in overruling his demurrer to defendant Lofton's special plea. This plea, in justifying defendant's retention of the property sued for, averred that Lofton was in possession of and held the property by virtue of his lien as landlord; that rent, amounting to $200, was past due, and had accrued under a lease which expired September 30, 1916. To this plea, plaintiff demurred on the grounds that the plea failed to aver that any steps had been taken by defendant to enforce his lien and that the plea failed to state when "said lien arose." Neither of these grounds of demurrer pointed out any defect in defendant's plea. As a matter of fact, the plea specifically stated that the lien arose under a lease which expired September 30, 1916. The landlord's lien under section 4747 of the Code 1907 is absolute and unconditional and complete, whether or not the landlord takes steps to enforce the same in a court of law. The court committed no error in overruling plaintiff's demurrers to this special plea.

[3] To this special plea of defendant Lofton, the plaintiff filed a special replication. This replication was as follows:

"That upon demand being made upon said Lofton by plaintiff, or his agent, the said Lofton unqualifiedly refused to deliver said property sued for and thereby waived his said lien."

To this replication the defendant Lofton demurred, upon the ground that the facts in the replication did not constitute a waiver of the landlord's lien. The nature of the demand mentioned in this replication is not set out, but we will presume that it was for the possession of the property sued for. The demand was not accompanied by an offer to pay the rent due or a tender of the rent due, and the demand was therefore properly rejected. No error was committed in sustaining the demurrer. Ebersole v. Addington, 156 Ala. 575, 46 South. 849; Lehman v. Moore, 93 Ala. 186, 9 South. 590; Steele v. Hanna, 91 Ala. 190, 9 South. 174.

The evidence justified the finding of the lower court in favor of the defendants. The judgment is affirmed.

Affirmed.