(97 South. 703)
## MOEBES v. GARTH. (8 Div. 590.)

(Supreme Court of Alabama. Oct. 11, 1923.)

1. Trover and conversion ⟂66—General affirmative charge for defendant required by evidence.

In an action for conversion of cotton brought by a tenant against his landlord, who claimed a lien on the cotton by virtue of Code 1907, § 4734, for rent and advances, evidence *held* insufficient to establish plaintiff's right to recover, and it was error to refuse to give the general affirmative charge with hypothesis, as required, in writing.

2. Landlord and tenant ⟂331(8)—General affirmative charge properly refused where evidence in conflict.

In an action on account, brought by a tenant against his landlord, based upon retention of money alleged to have been procured by a

sale of a cotton crop, where the material facts in issue were in conflict, it was proper to refuse the general affirmative charge, with hypothesis, as requested by defendant.

**3. Appeal and error ⬄1061(4)—Failure to direct verdict under two counts prejudicial error notwithstanding verdict might be supported under third count.**

Where a tenant sued his landlord complaining in two counts for damages for conversion of cotton and in one count claimed a certain amount by account and the jury returned a verdict which did not indicate upon what it was based, and the trial court had erroneously refused to direct a verdict upon the first two counts, such error was prejudicial, notwithstanding that evidence sustained the verdict as applied to the third count.

**4. Appeal and error ⬄1170(8)—Harmless error rule held not applicable where basis of verdict not disclosed.**

Supreme Court Rule 45 (175 Ala. xxi, 61 So. ix), providing that no judgment shall be reversed or new trial granted for misdirection of the jury, the giving or refusal of judge's improper admission or rejection of evidence, nor for error as to pleading or procedure, unless the error has probably injuriously affected substantial rights, *held* to have no application where the trial court erroneously refused to direct a verdict for defendant on two of three counts and the verdict did not disclose upon what count it had been rendered, notwithstanding that it might have been supported by evidence as to the third count.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action in trover and on account by Ben Garth against Otto Moebes. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

Eyster & Eyster, of Albany, for appellant.

In an action of trover, there must be a concurrence of the right of property and possession. Rogers v. King, 151 Ala. 631, 44 South. 655; Pinckard v. Cassels, 195 Ala. 357, 70 South. 153; Beall v. Folmar & Co., 122 Ala. 419, 26 South. 1; Johnson v. Wilson & Co., 137 Ala. 471, 34 South. 392, 97 Am. St. Rep. 52; Reynolds v. Hardee, 193 Ala. 454, 69 South. 553; Foxworth v. Brown Bros., 120 Ala. 70, 24 South. 1.

Callahan & Harris, of Decatur, for appellee.

Where there is no evidence to support a judgment as to one of the causes of action, and there is a general verdict, it will be referred to the count supported by the evidence. Baker v. Green, 17 Ala. App. 290, 84 South. 545; Pensacola Co. v. Brooks, 14 Ala. App. 364, 70 South. 968; Shannon v. Lee, 178 Ala. 463, 60 South. 99; Schlossburg v. Willingham, 17 Ala. App. 678, 88 South. 191; Turnipseed v. Burton, 4 Ala. App. 612,

58 South. 959; Stout v. Thornhill, 16 Ala. 480, 79 South. 154; Kellar v. Jones & Weeden, 196 Ala. 417, 72 South. 89; Finney v. Newsome, 203 Ala. 191, 82 South. 441; Fagan, Peel Co. v. Harrison Co., 16 Ala. App. 470, 79 South. 144; Bohannon v. Chapman, 17 Ala. 696; Evans Bros. v. Steiner Bros., 208 Ala. 306, 94 South. 361.

MILLER, J. Ben Garth, plaintiff, appellee here, filed this suit against Otto Moebes, defendant and the appellant. There are three counts in the complaint. The first claims damages for the conversion of three bales of lint cotton; the second claims damages for the conversion of four bales of lint cotton; and the third claims $500 by account. The judgment entry recites issue was joined on the general issue, set-off, and recoupment, in short by consent. The jury returned a verdict in favor of plaintiff for $178.12, and from a judgment thereon rendered by the court the defendant prosecutes this appeal.

Ben Garth, the plaintiff, rented from the defendant, Otto Moebes, the Fairbanks place, about 80 acres of land and houses on it, for the year 1920, and the rent agreed on by them was one-fourth of the cotton, one-third of the corn, and one-third of the hay raised on the place that year.

The evidence indicated that there were made seven or eight bales of cotton on the land by plaintiff. One bale was sold by plaintiff for about $43, and he gave the defendant one-fourth of the proceeds, and two bales were sold by the plaintiff to R. L. Lee at 24 cents per pound, for which the plaintiff received credit with or cash from Lee. The defendant received none of the proceeds of these two bales. The evidence is in conflict as to how much crop was raised on the place. The evidence of plaintiff tended to show he raised about seven bales of cotton, 100 bushels of corn, and no hay. The evidence of defendant tended to show that he raised eight bales of cotton, about 300 bushels of corn, and a few tons of hay. The defendant received no hay on the rent, and from 15 to 25 bushels of corn on the rent.

The evidence is without dispute that the plaintiff delivered to the defendant four bales of cotton of this crop, placed them in the garage of the defendant, and that the plaintiff owed the defendant, for advances to enable him to make the crop, about $121, which was a lien on this cotton. These four bales are the ones mentioned in the complaint, and for which plaintiff claims damages for their conversion.

The defendant requested the court to give the general affirmative charge as to counts 1 and 2. These charges were in writing, and the court refused to give each of them. One charge read: "If you believe the evidence, you cannot return a verdict for the plaintiff

under count 2." The other charge was exactly like it, except that it had "1 and 2," instead of and in place of "2." These counts, one and two, are the ones in which plaintiff claimed damages for the conversion of these bales of lint cotton. Did the court err in refusing to give these two charges to the jury?

The landlord, the defendant, had a lien on the crop raised by his tenant, the plaintiff, on the rented lands for rent for the current year and for advances made to the tenant by the landlord in money or other thing of value for the sustenance or well-being of the tenant or his family, etc., to enable them to make the crop. Code 1907, § 4734; Reynolds v. Hardee, 193 Ala. 454, 69 South. 553.

In Booker v. Jones, 55 Ala. 266, this rule was declared by this court, which was quoted with approval in Beall v. Folmar Sons & Co., 122 Ala. 419, 26 South. 2:

"To support an action of trover, the right of property, general or special, and possession or an immediate right of possession, must concur in the plaintiff at the time of the conversion; and to constitute a conversion, there must be a wrongful taking or a wrongful detention, or an illegal assumption of ownership, or an illegal user or misuser."

This court, in Zimmerman Mfg. Co. v. Dunn, 163 Ala. 274, 50 South. 906, affirmed this rule in this language:

"It has been firmly settled in this court that in the action of trover there must be a concurrence of the right of property, general or special, and of possession, or the immediate right of possession, in the plaintiff at the time of the conversion."

See, also, Pinckard v. Cassels, 195 Ala. 353, 357, headnote 4, 70 South. 153, and authorities there cited.

Let us apply the facts as shown by the testimony to this rule of law, and see if there is any evidence tending to show conversion of this cotton by the defendant. The undisputed evidence shows that this cotton was raised by the plaintiff on land rented from the defendant, and the defendant had a lien on the cotton for the balance of the unpaid rent and for the advances made by him to the plaintiff. The plaintiff delivered the possession of the property, this cotton, to the defendant. The plaintiff on this subject testified as follows as to the conversation with the defendant and contract made by them as to this cotton:

"On this occasion I told him I wanted to sell the cotton, and that I was offered 24 cents for that bale, and he says, 'I can't sell mine; it will break me to sell.' I don't know how he said it would break him, but he told me he wanted to hold his, because he believed it would go to 40 cents, and that was in the fall of 1920 when it was worth 24 cents. I told him that I would take 24 cents for mine that morning, that I didn't believe that it would go to 40 cents, and I told him that I would sell him my part, or if he would give me my part I would take it out on the street and sell it, and he says, 'No; you take it down there and put it in my garage and I will hold it awhile;' and I says, 'I tell you what, you have got a fourth interest in the cotton, and I don't want to be noways contrary; but, if you will give me what I can get for cotton now, you can hold it, and you notify me when you sell it and I will come in and we will settle;' and he says, 'All right, take it down and put it in the garage;' and I carried down and put it in there."

This shows plaintiff delivered the cotton to the defendant, parted with the possession of it, and reserved no right of possession to it; really the plaintiff states he offered his interest in the cotton to the defendant, at the price he could get for the cotton then, and "you can hold it, and you notify me when you sell it and I will come in and we will settle," and plaintiff testifies defendant accepted it in these words: "All right, take it down and put it in the garage." The plaintiff carried it down and put it in the garage. The defendant denies having this conversation and contract with the plaintiff about this cotton, and states this was the agreement between him and Ben Garth, the plaintiff:

"Ben represented to me that he made eight bales, and under my contract I was entitled to one-fourth, which would be two bales, and that cotton was held in my garage under an agreement between me and Ben that I would sell it in the spring, after I got the government report. At the time he asked me for the bale for Mr. Lee, I told him 'Ben, you can't spare it, two of them is mine for rent, and the other two will barely cover your account; it is barely collateral for what you owe me;' and he said, 'All right.'"

The defendant further testified that these four bales weighed 1,907 pounds; that he sold them in May after the government report, as agreed; that the cotton brought 10 cents per pound, which, under his evidence, was insufficient to pay the balance of rent due and all the debt for advances made the plaintiff.

At the time the cotton was sold by the defendant the plaintiff, under his testimony, was not in possession of it, had no right to immediate possession of it, and had sold his interest in it to the defendant. There is no evidence that the defendant wrongfully took this cotton or wrongfully detained it or assumed illegal ownership of it or illegally used or misused it.

[1] There is no evidence tending to establish the right of plaintiff to recover under counts 1 and 2, and the court should have given the general affirmative charges, with hypothesis, as to these counts, requested by the defendant in writing. McMillan v. Aiken, 205 Ala. 35, 88 South. 135, headnotes 9–11.

[2] There was evidence tending to establish plaintiff's case as presented in count 3,

which was on account. The material facts, in issue under this count, were in conflict by the testimony. The general affirmative charge, with hypothesis, as to this count, requested in writing by defendant, was properly refused by the court. McMillan v. Aiken, 205 Ala. 35, 88 South. 135, headnotes 9–11.

The appellee insists if the court erred in refusing to give, at the request of the defendant, these general affirmative charges as to counts 1 and 2, it was error without injury, because there was evidence tending to establish plaintiff's right to recover under count 3, and the amount fixed by the jury was sustained and supported by evidence in the record, and the judgment should be affirmed under rule 45 in 175 Ala. xxi (61 South. ix).

There are three counts in the complaint. Each was submitted by the court to the jury. The verdict of the jury was general. It could apply to either count, and we have no means of knowing on which count the jury intended to and did base and return their verdict. The court in its oral charge instructed the jury as follows:

"Now two of the counts of the complaint are what is known as conversion counts; that is that the defendant wrongfully converted the cotton of the plaintiff to his own use. Now, gentlemen, if the plaintiff turned this cotton over to Mr. Moebes to be held under a certain agreement, and Mr. Moebes sold it in violation of that agreement, then, gentlemen, the plaintiff would be entitled to maintain his action of conversion, and in that event you could allow him either the value of the property at the time it was converted, with interest to the present date, or you may allow him the highest value of the cotton between the time it was converted and the present time. The third count of the complaint is simply a question of account, in which the plaintiff says that by reason of these farming transactions Mr. Moebes owes him money, so much money."

From this charge under counts 1 and 2 the jury could allow plaintiff the highest value of the cotton. They may have done so. We cannot tell from the record how the verdict was reached. There was evidence tending to show the market price of cotton was 22, 23, and 24 cents per pound at the time the four bales were delivered to the defendant; that the cotton was sold in May of the following year at the market price of 10 cents per pound; and there is evidence that the market price of cotton was 21 cents per pound just before this suit was commenced. The plaintiff contended he sold his interest to defendant in this cotton at 24 cents per pound, which was, under his evidence, the market price at the time it was delivered to the defendant, and that the settlement between them should be made on that basis. The defendant contends the settlement should be made on the basis of 10 cents per pound, the price received by him for it, under the con-

tract between the parties as testified to by him.

[3, 4] Under this oral charge of the court, and under the conflicting evidence as to the contract of sale of the cotton by plaintiff to the defendant and the conflicting testimony as to the market value and fluctuating market value of cotton from 10 to 24 cents per pound during that time, as it appears in the record, we are of the opinion that the substantial rights of the defendant were probably injuriously affected by the court's refusing these charges as to counts 1 and 2. In our opinion this rule 45 can have no practical application to this case.

There are other errors assigned and insisted upon in brief of appellant. They are on the admissions or rejections of evidence by the court over objection and exception of the defendant. It is not necessary for us to pass on them, for the errors mentioned this judgment must be reversed, and these other questions, if they arise again on another trial, will no doubt be presented in a different form.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.