### MONROE STOCK & EXCHANGE CO. v. THAMES. (1 Div. 316.)

(Supreme Court of Alabama. May 22, 1924.)

**1. Chattel mortgages ⬅235 — Proceeds of mortgaged property or that charged with lien applied to debt secured, in absence of contrary agreement.**

The proceeds of mortgaged property or of property charged with a lien must be applied to debt secured, in the absence of an agreement to the contrary.

**2. Payment ⬅39(1)—Creditor may apply payment as he chooses in absence of debtor's direction.**

Where a debtor owes several distinct debts to one creditor, and makes a payment without directing how it shall be applied, the creditor may apply the payment to either debt as he may choose.

**3. Chattel mortgages ⬅172(8)—Instruction as to application of money paid held erroneous.**

In detinue for recovery of a mortgaged mule where the defense was that the mortgage debt was paid by the delivery of a bale of cotton also covered by the mortgage, an instruction that, if

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

defendant raised such cotton on lands owned or rented by him, then as a matter of law the proceeds would have to be applied 'to the mortgage debt, *held* reversible error, when there was no evidence showing the cotton was that covered by the mortgage.

**4. Trial ⬤⟶143 — Where evidence conflicting, neither party entitled an affirmative charge.**

Where the evidence is conflicting, neither party is entitled to the affirmative charge.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Action in detinue by the Monroe Stock & Exchange Company against E. C. Thames. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

J. D. Ratcliffe, of Monroeville, for appellant.

There was no evidence that the cotton in question was raised on lands leased or owned by defendant during the year in question, and the oral charge of the court was error. Hughes & Tidwell Supp. Co. v. Bussey, 14 Ala. App. 388, 70 South. 997; Johnson v. Coosa Mfg. Co., 16 Ala. App. 649 81 South. 141. The creditor, in the absence of direction, had the right to apply payment to either debt he chose. Larry v. Brown, 153 Ala. 452, 44 South. 841.

Hybart & Hare, of Monroeville, for appellee.

The mortgage debt was discharged before transfer. Code 1907. § 4899. It was the duty of the plaintiff, without direction, to apply the payment on the mortgage debt. 30 Cyc. 1236; Pearce v. Walker, 103 Ala. 250, 15 South. 568; Levystein v. Whitman, 59 Ala. 345, Strickland v. Hardie, 82 Ala. 414, 3 South. 40.

GARDNER, J. Suit in detinue by appellant against appellee for the recovery of a certain mule described in the mortgage executed by defendant to the Bank of Monroeville on March 31, 1921, which mortgage was duly transferred to the plaintiff in this cause on September 24, 1921.

The defendant insists that the mortgage debt was paid by the delivery of a bale of cotton, the proceeds of which he testified he instructed should go in payment of the mortgage debt, and further that, even if no instructions were given, the cotton having been property embraced within the mortgage, its proceeds should be applied as a matter of law upon such indebtedness. The defendant was due the plaintiff $70 on open account for fertilizer, and the proceeds of this bale of cotton were credited on the open account. The issues of fact thus presented were re-ferred to the jury, resulting in a verdict for the defendant, and from the judgment following the plaintiff has prosecuted this appeal.

The evidence of the plaintiff was to the effect that at the time the mortgage in question was assigned to it there was due thereon the sum of $96.58, and the defendant was due the plaintiff $70 for fertilizer. The bale of cotton was brought to the warehouse of the plaintiff, and receipted by the plaintiff "for J. K. Kyser." Kyser was both president of the plaintiff corporation and also president of the bank. Plaintiff's testimony further tends to show that the defendant gave no directions whatever as to the application of the proceeds of this cotton. Kyser testified the defendant told him that he wanted to let him have the cotton and take care of both the debts. The only evidence in the record as to the origin of this particular bale of cotton is the statement by defendant that he raised this bale of cotton.

The court below in its oral charge instructed the jury in substance that, if they were satisfied that the defendant raised this cotton on lands owned or rented by him, then as a matter of law the proceeds from that bale of cotton would necessarily have to be applied to this mortgage debt. Exception was duly reserved to this portion of the oral charge. We are of the opinion the instruction was erroneous.

[1] It is a well-understood rule in this state that the proceeds of mortgaged property, or of property charged with a lien, must be applied to the debt secured, unless there be an agreement to the contrary. Pearce v. Mills, 190 Ala. 616. 67 South. 581; Pearce v. Walker, 103 Ala. 250, 15 South 568; Larry v. Brown, 153 Ala. 452, 44 South. 841. But to bring the case within this rule the evidence must of course disclose that the payment represented proceeds of the mortgaged property The evidence in the instant case, lacks this essential proof. The mortgage was executed in March, 1921, and the evidence is entirely silent as to when this cotton was raised by the defendant. Some of the cotton previously paid on the mortgage indebtedness appears to have been cotton which the defendant had carried over from the previous year. As to whether this bale of cotton was of the crop of a previous year, or the year of the existence of the mortgage, is a matter left entirely to speculation. It therefore appears that the instruction of the trial court is without sufficient foundation under the evidence, and was erroneous.

[2] In Larry v. Brown, supra, this court said:

"Whatever may be the rule in other jurisdictions, it is the law of this state that, where a debtor owes several distinct debts to one creditor and makes a payment without directing how it shall be applied, the creditor may

apply the payment to either debt, as he may choose."

[3] The evidence being insufficient to show that this particular payment represented the proceeds of the mortgaged property, the foregoing rule was applicable, if in fact the jury believed the defendant gave no directions as to the application of the payment. We are therefore of the opinion the trial court erred in its instruction to the jury, as above indicated, for which the judgment must be reversed.

[4] We have not overlooked the argument of counsel for appellee to the effect that at the time the plaintiff acquired the mortgage it had been fully paid, and therefore no title was acquired. This is but another way of stating the defendant was in fact entitled to the affirmative charge; but this was a question left by the trial court for the jury's determination, and we think properly so. While the evidence for the defendant would justify such conclusion, yet we find it conflicts with that offered by the plaintiff, and this conflict is sufficient answer to this insistence.

For the error indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.