(137 So. 322)

**A. BURKART & CO. v. BELL et al.**

**6 Div. 925.**

Court of Appeals of Alabama.

Oct. 6, 1931.

Rehearing Denied Oct. 27, 1931.

Earney Bland, of Cullman, for appellant.

P. A. Nash, of Oneonta, for appellees.

BRICKEN, P. J.

Appellants brought suit in detinue against appellees, in the court below, to recover 1,200 pounds of seed cotton. From the record it is ascertained that the plaintiff relied for title upon a crop mortgage for the cotton, the subject-matter of this suit. The mortgage was given by one C. A. Bell, who was tenant of H. P. Wall, the appellee in this case, and on which mortgage the said H. P. Wall signed as security. This mortgage was given to secure a definite sum of $225, which was to be furnished by the mortgagee to the tenant in supplies. About a week or ten days after this mortgage was given by the tenant and his landlord, the tenant, C. A. Bell, purchased a mule and some farming tools for which he executed a second mortgage to appellants on the crop to secure the payment thereof. The mortgagee furnished to the tenant the $225 worth of supplies as provided by the first mortgage. In addition to the supplies secured by the landlord to the mortgagee, the landlord, H. P. Wall, furnished the tenant $170 worth of additional supplies. In the fall the tenant delivered to the mortgagee certain bales of cotton, and without any instructions from the tenant or the landlord, the mortgagee paid to the landlord his rents of one-fourth and applied the balance on the second mortgage given by the tenant to the mortgagee, which was more than the $225 which the landlord had secured. After the mortgagee had received the above-mentioned cotton, the balance of the cotton, the subject-matter of this suit, or part of a bale, was gathered and turned over to the landlord by the tenant. At this time the tenant owed the rents out of this particular bale of cotton and also about $170 for supplies furnished to him for the making of the crop, which was due and unpaid.

There was no controversy about the fact that the tenant was indebted to the landlord for rent and advances; and no material conflict in the testimony that the cotton in question had been gathered by the tenant and turned over to the landlord, and was

in his possession at the time this suit was brought. The landlord's lien is paramount to and has preference over all other liens on the crop grown on the rented land. The evidence upon the trial of this case was without conflict so far as the material issues involved upon this trial is concerned, and under this evidence the landlord was entitled to recover. The court properly so held and directed the verdict accordingly.

Affirmed.