28 So.2d 213

**HINTON v. BARTON.**

2 Div. 743.

Court of Appeals of Alabama.
Dec. 10, 1946.

Frank Gordon, of Marion, for appellant.

Arthur W. Stewart, of Marion, for appellee.

CARR, Judge.

The parties to this cause entered into a landlord and tenant agreement under the terms of which the former was to receive one-fourth of the proceeds from the rented acreage.

Appellant, the tenant, executed a note to the Marion Bank and Trust Company in the principal sum of $431.64, which was endorsed by appellee, the landlord. To secure payment of the note at maturity, appellant also executed a mortgage to the bank conveying all crops to be raised on the rented land and in addition conveyed certain personal property, including two mules.

At harvest time the tenant delivered to his landlord seven bales of cotton which were the entire proceeds from his farming undertaking. The cotton was promptly sold, and from the sale the tenant realized $537.24 as his three-fourths share. No money was delivered to the appellant, and he had no agreement nor did he give any directions as to how the funds should be applied or apportioned to the various items of indebtedness which his landlord claimed against him. These claims, including the amount of the bank note, exceeded the tenant's share from the sale of the cotton.

Appellee paid the note at the bank with his personal check. The amount thus paid was $433.94. He then had the mortgage and debt transferred to him. On the basis of this assignment he brought detinue action for the two mules which were conveyed by the instrument.

Defendant's attorney suggested to the court that the amount of the mortgage debt be ascertained. Title 7, Sec. 929, Code 1940.

The cause was tried by the court without the aid of a jury, and judgment was rendered in favor of the plaintiff for the property sued for or its alternate value in the sum total of $230. The court ascertained the balance due on the mortgage indebtedness to be $214.

From this judgment the defendant in the court below prosecutes this appeal.

■ The landlord had a lien for advances to the tenant which was paramount to the mortgage to the bank. Under the evidence in the instant case he had the right to first apply payments to the lien indebtedness. Title 31, Sec. 15, Code 1940; Hamilton v. Maas, 77 Ala. 283; Leslie v. Hinson, 83 Ala. 266, 3 So. 443; Reynolds v. Hardee, 193 Ala. 454, 69 So. 553; First National Bank of Gadsden v. Burnett, 213 Ala. 89, 104 So. 17; A. Burkart & Co. v. Bell et al., 24 Ala.App. 516, 137 So. 322.

The prior lien that the appellee enjoyed by virtue of the advances was complete, and his superior advantage did not depend on a resort to a court of law to enforce it. Mathers v. Barrow, 202 Ala. 342, 80 So. 424; Nickleson v. Lofton et al., 16 Ala. App. 672, 81 So. 192.

The liens incident to the advances having been fully satisfied, it was then incumbent upon the landlord to apply the balance of the funds in his hands from the tenant's share of the proceeds of the cotton to the mortgage indebtedness. This for the reason that all crops raised on the rented premises were conveyed by the mortgage, and it was next in order of priority. Leath v. Hancock, 210 Ala. 374, 98 So. 274; Monroe Stock & Exchange Co. v. Thames, 211 Ala. 320, 100 So. 348; Manchuria S. S. Co. v. Harry G. G. Donald & Co., 200 Ala. 638,

77 So. 12; Pearce v. Mills et al., 190 Ala. 616, 67 So. 581.

■ We entertain the view that the following items were properly allowed as advances: Three-fourths price of fertilizer furnished; nine bushels of cotton seed; harrowing land; moving tenant to farm; hauling cotton to gin; feed for tenant's mules; pasturing cows; and interest. Title 31, Sec. 15, Code 1940; Hamilton v. Maas, supra; Chandler v. Price, 244 Ala. 667, 15 So.2d 462; Drinkard v. State, 12 Ala.App. 184, 68 So. 553.

In harmony with the evidence, we calculate the sum total of the above items to be $250.64.

■ In the above itemization we have not included a charge of $25 for breaking the rented acreage. It appears from the evidence that the landlord had this done before the date of the rental agreement. The lien given by the statute depends on the existence of the relationship of landlord and tenant, and consequently appellee was without his right to include this charge as an advance. Collins v. Whigham, 58 Ala. 438; Colvin v. Payne et al., 218 Ala. 341, 118 So. 578; Burgess v. Hyatt, 209 Ala. 472, 96 So. 222.

If proper applications of payments had been made, we would have the following amounts: $250.64 deducted from the tenant's share from the sale of the cotton leaves a balance of $286.60. This latter sum credited on the mortgage would leave $147.34 remaining due on the instrument.

■ As indicated herein the defendant required, upon suggestion, that the amount of the mortgage debt be ascertained. This balance should be determined as of the date of trial. Albertville Trading Co. v. Critcher, 216 Ala. 252, 112 So. 907.

■ Therefore, to the remaining sum of $147.34 we add $7.03 interest and also attorney's fee, which the mortgage and note provide. The evidence supports the amount of $35 to be reasonable. Ashley v. Hill, 21 Ala.App. 603, 110 So. 597; Johnson v. Hill, 23 Ala.App. 286, 124 So. 394.

We find, by recapitulating, the balance due on the mortgage indebtedness to be $189.37. This figure is not in accord with the ascertainment of the lower court.

566

Our conclusion is that the judgment otherwise should not be disturbed. Finney v. Studebaker Corp. of America, 196 Ala. 422, 72 So. 54; Reid v. McElderry, 10 Ala. App. 472, 65 So. 421.

It is, therefore, ordered that the judgment of the trial court be corrected to conform to this opinion, and so corrected it stands affirmed. Deas v. Garrett & Mason, 16 Ala.App. 572, 80 So. 146.

Judgment corrected.

Affirmed.