## LOWE & PITTARD v. WARBINGTON.

ATKINSON, J. 1. Where one person rents to another land upon which to make a crop, the contract raises the relation of landlord and tenant between them, within the meaning of the Civil Code, § 3348. In order for such relation to be the foundation of a landlord's lien in a given case, it is not essential that, in addition to the making of the contract, the tenant should also enter into actual possession of the premises before the advancement is made. *Johnson* v. *McDaniel*, 138 *Ga.* 203 (75 S. E. 101).

(a) It does not appear from the report of the case just cited that the tenant had not entered possession at the time the advancements were made, but it does so appear from the transcript of the record of file in the Supreme Court.

2. Where, at the time of the rental contract, the tenant is in possession of certain mules under a contract of purchase from a third person, but, in order to keep the mules for the purpose of making a crop under the contract of rental, it is necessary to pay a certain amount of the purchase-price for the mules, and the landlord advances the amount for the tenant to enable him to keep the mules to be worked in producing the crop, the landlord is entitled to a lien, under the Civil Code, § 3348, for the advancement so made.

3. Where the advancement is made in November, in order to enable the tenant to make his crop during the ensuing year, the lien attaches to the crop of that year. *Johnson* v. *McDaniel*, supra.

4. Applying the foregoing rulings to the evidence in a money-rule case where there was a contest between a landlord's lien and a common-law judgment, the judge, in passing upon the case by consent without the intervention of a jury, did not err in awarding the money to the landlord.                *Judgment affirmed. All the Justices concur.*

OCTOBER 13, 1915.

Money rule. Before Judge Brand. Gwinnett superior court. September 7, 1914.

*I. L. Oakes*, for plaintiffs in error. *O. A. Nix*, contra.