### 12262. PAYNE, agent, *v.* SIMMONS.

1. The portion of the amendment to the petition to which, by the charge of the court, the plaintiff was expressly limited as a ground of recovery was not subject to demurrer; and, the allegation of negligence therein set forth being sustained by the evidence, the verdict will be allowed to stand.
2. If, under the ruling made in *Dowdy* v. *Georgia Railroad Co.*, 88 *Ga.* 726 (2) (16 S. E. 62), the court should have excluded, as a conclusion of the witness, the testimony set forth in the 1st and 2d grounds of

the amendment to the motion for a new trial, relative to whether or not there was sufficient time to have removed the car if the plaintiff's fellow servant had not dropped his hold, this is not cause for a reversal, since other testimony to the same effect was subsequently introduced both by the plaintiff and the defendant without objection. *Matthews* v. *Richards*, 19 *Ga. App.* 489 (2) (91 S. E. 914).

3. The remaining assignments of error, relating to alleged inadequacies and want of completeness in the charge of the court, are not well taken. The principles of law governing the issues raised by the evidence under the pleadings were fully and fairly submitted.

DECIDED OCTOBER 24, 1921.

Action for damages; from Habersham superior court — Judge J. B. Jones. January 22, 1921.

*E. A. Neely, I. H. Sutton, E. J. Kimsey,* for plaintiff in error.
*J. J. & Sam Kimzey, W. A. Charters,* contra.

JENKINS, P. J. A previous verdict in behalf of the plaintiff was set aside by a judgment rendered by this court. *Southern Ry. Co.* v. *Simmons,* 24 *Ga. App.* 96 (100 S. E. 5). Before the second trial of the case in the superior court the petition was amended by setting forth additional grounds of negligence. While exception is taken to the order of the court overruling the demurrer to each of the additional allegations of negligence as set forth in the amendment, the court in its charge plainly and expressly limited the right of plaintiff to recover to the one ground of the amendment setting up the negligence of a fellow servant. The amendment showed: that Dalton Lovell was the foreman in charge of the plaintiff, and was in control of the kind, place, and manner of work to be performed by the plaintiff; that it was his duty to give orders to the plaintiff, and the plaintiff was bound to obey such orders; that when it became apparent that the locomotive which struck the lever-car, as set out in the original petition, was approaching that car, Lovell commanded the plaintiff and plaintiff's coemployees, by direct and immediate order, to remove the lever-car from the railroad track, and in pursuance of this order, given in the emergency stated, the plaintiff and his coemployee, one Buchannon, took hold of the front end of the lever-car to remove it, but Buchannon turned the car loose and caused its wheel to hang on the rail; that if Buchannon had not thus turned the lever-car loose, it would have been removed from the track, and would not have been struck by the locomotive (there being ample time for its removal) but for the negligence of Buchannon in turning it loose; that when the order was given by Lovell

to remove the lever-car the plaintiff believed Buchannon would perform his part of the labor in doing so, and Buchannon did undertake to aid in removing the car, but negligently turned it loose, and, the plaintiff not being able unassisted to lift the front end of the car from the track, the wheel of the car caught and hung on the rail, and the car was struck by the locomotive and the plaintiff was injured; that the plaintiff relied upon Buchannon's assistance in removing the lever-car, and, knowing that if the train should strike it a wreck would probably ensue and imperil the passengers on the train, did his utmost to remove the car from the track, and, being thus absorbed in the performance of his duties, did not observe that Buchannon had ceased to assist him, until it was too late for the plaintiff to escape from the peril brought upon him by this emergency; that there was ample time to have removed the lever-car before being struck by the locomotive, if Buchannon had not ceased to assist plaintiff in removing it, and that, after the plaintiff discovered that Buchannon had turned the car loose, it was too late for the plaintiff to avoid the consequences of Buchannon's negligence. By another amendment the plaintiff alleged that the injury was caused by the locomotive striking the lever-car after he had ceased his efforts to remove the car and while he was undertaking to escape from his perilous situation, the locomotive striking the car and demolishing it, and causing a part thereof to strike his leg while he was some distance away, in his effort to escape.

The evidence before the jury was not altogether the same as that set out in the previous decision of this court, there being additional testimony particularly relating to the negligence of the fellow servant. In brief, the evidence showed that when the plaintiff and his coemployees were ordered by the foreman, Lovell, to remove the lever-car from the track, the approaching train was some 250 yards away. There were four men on the lever-car, including the foreman, and they united in the opinion that there was ample time for the car to have been removed before it was struck by the locomotive. On direct examination Lovell, the foreman, testified as follows: " As to whether or not there was time to have moved the car off before the train got there, I say, ' Yes, sir, if we all had stayed there, there was time enough to have moved it off." Buchannon, the defendant's witness, whose neg-

ligence is alleged to have caused the injuries to the plaintiff, testi-fied as follows: "We all thought there was ample time to take the lever-car out of the way before he (the engineer) reached that point; we thought we did, and we went to work at it to do it." Buchannon contended that the plaintiff let the load down on him, and testified that "the reason it couldn't be got off was because the weight was let down on me." He further testified, on redirect examination, as follows: "When my wheel got next to that rail, the thing that prevented me from lifting the rest of the lever-car over the rail, — I could have lifted my part all right, — Simmons gave his weight down and I had to turn mine loose." Simmons, the plaintiff, testified, however, that the lever-car could have been removed but for Buchannon turning loose. There was thus a conflict between these two as to which turned loose first, each agreeing that the car could have been removed but for the other's fault. The jury were warranted in deciding that the failure to remove the car was because of the negligence of Buchannon rather than the plaintiff; for Lovell testified that Buchannon turned loose first, and that the plaintiff was the last man to turn loose. Lovell further testified, without objection, as follows: "You ask me if we would have got it off if Buchannon had not let loose his hold. I answer, if the rest of us had not also turned loose. Buchannon let loose his hold a little bit before we did. It all happened in a little bit. Buchannon was the first man that let loose. If he had not let loose, we could have got the lever-car off the track without it being struck."

It is not necessary to add anything further to the headnotes.

*Judgment affirmed. Stephens and Hill, JJ., concur.*