(96 South. 222)

### BURGESS v. HYATT. (8 Div. 560.)

(Supreme Court of Alabama. April 26, 1923. Rehearing Denied May 17, 1923.)

**1. Landlord and tenant ⬥323—Relation held to exist between landowner and cropper to whom advances were made.**

Under Code 1907, § 4742, the relation between landowner and cropper claiming lien for advances for which he had taken the cropper's note *held* that of landlord and tenant; all that the owner furnished being the land.

**2. Landlord and tenant ⬥328(2)—Lien on articles for advances is specific and not to be extended to articles advanced in succeeding year.**

Under Code 1907, § 4734, giving a lien on crops for rent and advances, and also on articles advanced and property purchased with money advanced, the lien on articles is a specific lien on specific property, and is limited to the price or value of the articles advanced that year, and cannot be extended to and increased by price or value of articles advanced in a succeeding year, though section 4736 carries over liens for unpaid balances to crops made the following year.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by Samuel L. Hyatt against R. E. Burgess. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

This action was begun by affidavit and attachment to enforce the lien of a landlord for advances made to a tenant for the cultivation of a crop. The advances specified are mules, cows, a wagon, and money, in the sum

of $328.72, and it was shown by the affidavit that defendant had in his possession, of the articles advanced, obtained by barter or exchange two mules, a mare, a cow, a cultivator, a wagon, and some corn. The writ is directed against the property named in the affidavit as property advanced by the landlord to the tenant (the defendant).

The complaint declares on a promissory note for $328.72, alleging that it "was given in full settlement and in consideration of the amount then due to the plaintiff by the defendant for supplies and advances to make a crop * * * on the premises of this plaintiff during the years 1918 and 1919, together with the unpaid rent thereon."

On the evidence adduced, the trial court, sitting without a jury, rendered judgment for plaintiff for the amount of the note sued on, with interest and attorney's fees, and ordered that the property levied on be sold for the satisfaction of the judgment. Defendant appeals.

Rayburn, Wright & Rayburn, of Guntersville, for appellant.

It was error to condemn the property to pay off any other indebtedness of appellant to appellee than the lien proven on the particular property. Baxley v. Segrest, 85 Ala. 183, 4 South. 865; Giddens v. Boling, 93 Ala. 92, 9 South. 427; Ragsdale v. Kinney, 119 Ala. 454, 24 South. 443.

John A. Lusk & Son, of Guntersville, for appellee.

The trial being by the court without a jury, the findings and conclusions of the court will not be disturbed, unless plainly wrong. Lisenby v. Lindsey, 17 Ala. App. 467, 85 South. 827.

SOMERVILLE, J. [1] The relation existing between the plaintiff and the defendant was clearly that of landlord and tenant, since all that plaintiff furnished was land. Code, § 4742.

Plaintiff seeks to subject to the lien given by the statute certain personal property furnished by him to defendant, in the year 1918, as advances for making that year's crop. At the beginning of 1919, defendant owed a balance of $256.96 on the advances made for 1918, according to plaintiff's testimony, and during 1919 defendant paid all he owed on the stock except $60. He must, therefore, have reduced the balance of the debt for 1918 advances by at least $150, since that balance included $150 for the two mules.

We cannot analyze all the testimony, but the foregoing brief and partial statement will illustrate what we conceive to be the error of the trial court in the judgment rendered for plaintiff, the effect of which is to declare and enforce a statutory lien for advances

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

made in 1919 on specific articles advanced in 1918, upon which there was a balance due of apparently not more than $106, approximately.

[2] Section 4734 of the Code gives a lien on crops grown on rented lands for rent and advances, "and also on all articles advanced, and on all property purchased with money advanced, or obtained by barter in exchange for articles advanced, for the aggregate price or value of such articles and property."

The lien thus given is a specific lien on specific property. But, while it is imposed upon all of the property in common to the extent of the aggregate amount of the advances, we think it is clear that the lien upon articles advanced for the making of any particular crop is limited to the price or value of the articles advanced that year, and cannot be extended to and increased by the price or value of articles advanced to make a crop in any succeeding year.

This is the natural meaning of the language used, and, in the absence of some other appropriate statutory provision operating to so extend and enlarge it, we are constrained to hold that the specific lien on articles advanced under section 4734 of the Code is restricted to the price or value of the articles and money advanced during that year only, for the making of that particular crop. Section 4736, carrying over liens for unpaid balances to crops made the following year, is without influence upon the question.

Without undertaking a detailed discussion of the evidence, which is confused and conflicting, we think it is clear that the judgment is founded upon an erroneous application of the statute, and that defendant is entitled to another trial, to be governed by the principle above enunciated.

Let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.