### 15446. BYRD *v.* THE STATE.

BLOODWORTH, J. 1. Granting (but not deciding) that the evidence the admission of which is complained of in the 4th ground of the motion for a new trial should have been excluded, the error was harmless, as practically the same evidence from the same witness was admitted without objection. *Payne* v. *Simmons,* 27 *Ga. App.* 506 (2) (109 S. E. 168).

2. For no reason assigned did the court err in admitting the evidence of which complaint is made in the 5th ground.

3. Ground 6 alleges that the court erred in admitting the evidence of J. W. Cowart as to the execution of a certain contract. It was not error to admit this evidence over the objection urged against it. Moreover, this ground of the motion carries its death wound upon its face, as

it shows that in the objection to the admission of this evidence counsel for the defendant stated that the prosecuting attorney had "already proven by C. A. Rogers that it was executed and it had been admitted in evidence."

4. Where a landlord prosecuted his tenant for disposing of the crop grown on the rented land "without having paid the rent due the landlord and for supplies to make said crop," it was necessary to show that the landlord had actually furnished the supplies to make the crop. This was a material issue on the trial of the case, and a note given to the landlord by the tenant (and a cotenant) in which it was stipulated that it was given for "supplies, money, stock, fertilizer, etc., furnished us for making a crop for the year 1919 as his tenant," was relevant as a part of the proof to establish the fact that the landlord had furnished the supplies to make the crop. If the landlord actually furnished the supplies to make the crop for 1919 he would have a lien on the crop raised on the rented premises for that year, even though the note for the supplies bore date November 18, 1918. *Johnson* v. *McDaniel*, 138 *Ga.* 203 (1) (75 S. E. 101) ; *Lowe* v. *Warbington*, 144 *Ga.* 181 (2, 3) (86 S. E. 537). Under the foregoing ruling there is no merit in ground 8 of the motion for a new trial.

5. There is nothing in grounds 7, 9, 10, or 11 of the motion for a new trial which would require a reversal of the judgment.

6. There is evidence to support the finding of the jury.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED MAY 13, 1924.

Indictment for perjury; from Tattnall superior court—Judge Sheppard. February 9, 1924.

*W. T. Burkhalter,* for plaintiff in error.

*J. Saxon Daniel, solicitor-general,* contra.