(118 So. 578)

**COLVIN v. PAYNE et al.** (8 Div. 5.)

Supreme Court of Alabama. Nov. 8, 1928.

Thos. E. Orr, of Albertville, for appellees.

J. A. Lusk, of Guntersville, for appellant.

FOSTER, J. This is a suit in equity to foreclose two mortgages on personal property. The mortgages were executed by one of the appellees, hereinafter referred to as the "tenant," to the First National Bank of Albertville, hereinafter referred to as the "bank," one dated November 25, 1925, and one November 25, 1926. At that time the tenant was cultivating farm lands of another appellee, hereinafter referred to as the "landlord," under a verbal contract made in August, 1924, for the year 1925. At the time of making the rental contract the tenant was not renting or residing upon the land of the landlord. After such rental contract, and before moving on the land, the tenant purchased from one Denham a pair of mules; he also purchased a wagon and paid for them with money advanced him by the landlord after such rental contract. In June, 1924, he bought a cow on a credit, gave a note for it due in the fall. When it was due he paid off the note, after he had rented from the landlord for 1925. The property so purchased was for use upon the rented land. The tenant moved on the land the first of 1925, and made a crop on it

that year. In March of 1925, he bought another mule from one Moody, and executed a mortgage for the purchase price. In the fall he sold one of the Denham mules for cash, and claims he paid the purchase price on the Moody mortgage. He continued as the tenant of the landlord during 1926 and 1927. The evidence shows that the amount advanced to pay for the Denham mules and wagon was never repaid. Other advances were made, and payments received during each year. At the end of the year the tenant delivered to the landlord the mules and other property and crops.

In 1926 the mortgage to the bank was renewed. After the execution of the mortgage to the bank, and about the time of its renewal, the president claims the landlord told him that he thought the bank had a first mortgage on the property, and he had no mortgage or lien on it. This is denied by the landlord. Before appellant took an assignment of the bank's mortgages, he had a small judgment against the tenant, and in a conversation with the landlord he claims the landlord told him he could not touch any of the tenant's live stock, that the bank had the first mortgage on all of it—ahead of everybody. After this appellant took an assignment of the mortgages.

There was a receiver appointed, who has charge of all the live stock, implements, and crops. On final decree the court awarded to complainant the Moody mule, cow, and some farming implements, and to the landlord the Denham mule, and other farming implements and crops. Complainant appeals, being dissatisfied with the result. Neither the landlord nor tenant cross-appeal nor cross-assign errors.

■ Well-known principles of law affecting the rights of a landlord have direct application to the situation of the parties here. The lien is a creature of the statute, and is dependent upon a contractual relation of landlord and tenant. Lamar v. Johnson, 16 Ala. App. 648, 81 So. 140'; Burgess v. Hyatt, 209 Ala. 472, 96 So. 222; Nelson v. Webb, 54 Ala. 436.

■ While a verbal lease for a term of a year to commence at a future day, is not binding between the parties, it is validated by taking possession and paying the rent as stipulated. Martin v. Blanchett, 77 Ala. 288; Nelson v. Webb, supra.

■ If the tenant does not plead the statute of frauds (and he did not in this case), the statute is not available to appellant. The relation of landlord and tenant was created by the verbal contract in 1924, for 1925. Bain v. Wells, 107 Ala. 562, 19 So. 774; Mewburn's Heirs v. Bass, 82 Ala. 622, 2 So. 520; Prestwood v. Carlton, 162 Ala. 327, 341, 50 So. 254; Ex parte Banks, 185 Ala. 275, 64 So. 74.

■ It is held in other jurisdictions, on principles which we approve, that after the relation of landlord and tenant is created by contract for the use of farm land, it is not essential that, in addition to the making of the contract, the tenant should also enter into actual possession of the premises before the advancement is made. Lowe v. Warbington, 144 Ga. 181, 86 S. E. 537; Johnson v. McDaniel, 138 Ga. 203, 75 S. E. 101.

■ It is claimed that the landlord is estopped to claim his lien against the bank. Estoppel results from an injury as the consequence of a reliance upon his adversary's conduct or declarations. His position must be changed by that reliance. Emerson B. I. Co. v. Arrington, 216 Ala. 21, 112 So. 428; 21 Corpus Juris, 1135, 1136.

It is shown that the statement alleged to have been made to the president of the bank was after the mortgage was made to the bank, and was not acted on by the bank. The statement alleged to have been made to appellant before he purchased the bank's mortgage was shown not to have been with a view to such purchase. To constitute estoppel the conduct of the party must have been intended for his adversary to act upon. Huntsville Elks Club v. Garrity H. R. Co., 176 Ala. 128, 57 So. 750; Scharfenburg v. New Decatur, 155 Ala. 651, 47 So. 95; 21 Corpus Juris, 1120.

■ A mortgagee or purchaser of property advanced by the landlord under section 8799 of the Code, or property purchased with money so advanced, having knowledge of the tenancy, is charged with knowledge of the lien on such property. Walls v. Skelton, 215 Ala. 357, 110 So. 813. The evidence shows that at the time the bank took the mortgages assigned to appellant it had knowledge of the tenancy.

■ It results from the foregoing that the landlord has a lien superior to the lien of the mortgages to the bank assigned to appellant, on the mule purchased from Denham and not sold by the tenant, and on the wagon and implements not decreed to complainant, and on the crops. The evidence shows that the amount secured by such lien has never been paid. The trial court therefore did not err in denying relief to appellant as to such property.

■ Appellee in brief is complaining that the court erred in decreeing relief as to any property, in overruling demurrers to the bill, and not discharging the receiver. But the record shows no cross-appeal nor assignment of error by appellee. Section 6091; Rule 3, Supreme Court; Hames v. Irwin, 214 Ala. 422, 108 So. 253. We cannot therefore consider the correctness of the decree as being prejudicial to appellee.

We conclude there is no error in the record prejudicial to appellant.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.