McCabe et al., Appellants, v. Cannoe.

498

Argued April 22, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.

*J. Kennard Weaver,* for appellants.

*Harold B. Beitler,* for appellee.

OPINION BY MR. JUSTICE KEPHART, May 11, 1931:

Steele & Sons Co. contracted to build a home for incurables; it subcontracted the excavation and masonry work to Cannoe. He in turn subcontracted the excavation to McCabe Brothers. McCabe Brothers contended in the court below that the written contract was for earth or dirt excavation only and that a subsequent oral agreement had been made to pay more than that contract price for rock excavation, when, in the course of digging, rock was encountered. This was denied by

Cannoe and the jury found that the written contract covered excavation without classification. McCabe Brothers appeal.

During the trial the original contract between Steele & Sons Co. and Cannoe was received in evidence to show the contract price between that company and Cannoe for the excavation. The admission of this evidence under objection is the only assignment of error open for review. It was clearly error to receive as evidence in this case the terms of the original contract between defendant and a third person. It was an independent contract in no way connected with the alleged contract between Cannoe and appellants. A litigant cannot be affected by the words or acts of others with whom he is in no way connected. Plaintiffs were not responsible for anything contained in that contract. Though Mc-Cabe Brothers might have known the price and terms of the contract between Steele & Sons Company and Cannoe, such knowledge would not bind or affect them unless they made it a part of their contract; but there is no pretense of this. Such contract in no way controlled and had nothing to do with their contract with defendant. The work ran into rock, evidently not known to have been there when the original contract was made, and appellants contended that this type of excavation was not covered in the contract and that a new price was made for this work. On this theory the contract should not have been admitted: Hartzell v. Ebbvale Mining Co., 239 Pa. 602, 606.

However, this defect was cured by plaintiffs' attorney, when in the course of cross-examination he later brought out the same fact in another connection, not related to the purpose of the defendant's offer. Steele, the witness, was repeatedly requested to read paragraphs from the contract bearing on other matters than the contract price, which was the offensive evidence, and in reading such paragraphs the price was repeatedly stated. Where improper evidence has been received under ob-

jection and later the opposing party, either on cross-examination or by other testimony, brings the same evidence into the case in connection with other matters, the original error of the trial court in admitting the improper evidence is cured. He cannot be heard to complain that the introduction of such evidence in the first instance was reversible error. In Reznor Mfg. Co. v. Bessemer & Lake Erie R. R. Co., 233 Pa. 369, we held that where the trial judge refused to strike out improper testimony offered by defendant on a question of weather conditions, when the plaintiff himself subsequently put the proper record in evidence in the course of cross-examining one of defendant's witnesses it could not thereafter complain of the erroneous refusal to strike out. The same rule was recognized in Van Eman v. Fidelity & Casualty Co. of New York, 201 Pa. 537; in that case admission of plaintiff's testimony as to a conversation with her deceased husband was held not reversible error where defendant subsequently introduced a witness to testify to substantially the same statements made to him. Our determination here accords with the well established rule laid down by Chief Justice GIBSON in the case of Wolverton v. Com., 7 Sergeant & Rawle 273, 276, "that the admission of incompetent evidence cannot be assigned for error, when the fact has afterwards been established by other evidence, that was conclusive as to its existence." Our ruling accords with decisions of other jurisdictions: Brown Shoe Co. v. Collard, 161 Ark. 665; Thierry v. Thierry, 298 Mo. 25; Nichols v. Meyer, 139 Md. 450; Payne v. Simmons, 27 Ga. App. 506; Weatherbee v. Byam, 160 Mich. 600.

There are other assignments relating to the charge of the court but since no exceptions were taken they cannot be considered. All assignments are overruled, those not discussed being immaterial.

Judgment affirmed.